No. 17,994.

LEO BERTRAND ROCHON *v*. PEOPLE OF THE
STATE OF COLORADO.
(306 P. [2d] 1080)

Decided January 14, 1957.  Rehearing denied February 25, 1957.

Mr. FRANCIS P. O'NEILL, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

WE will hereinafter refer to plaintiff in error as defendant, as he appeared in the trial court.

In an information filed in the district court of the City and County of Denver, defendant, together with one Hopson and one Gresham, was accused of the crimes of aggravated robbery and conspiracy to commit that offense. It was disclosed by the very meager and wholly insufficient record before us, that defendant was sentenced to a term of from eight to fifteen years in the state penitentiary. The only assignment of error urged by counsel for defendant is as follows:

"The imposition of a sentence of from eight to fifteen years on the defendant, who pled guilty to the charge of robbery, is exceedingly harsh, especially in view of the fact that the defendant had never previously been convicted of a felony."

■ The record submitted to this court does not contain the plea entered by defendant. Designation of Record on Error — an instrument applicable to civil cases only — was filed and contained a request for reporter's transcript. No document which could conceivably answer to that description is contained in the record. From anything presented to this court as the "record," we cannot tell whether the case was tried to a jury or whether a plea of guilty was entered. Counsel for defendant states in his brief that defendant entered a plea of guilty; the record doesn't show it. He further states that defendant had never previously been convicted of a felony. There is not a word on this subject in the record before us. Counsel in his brief asserts that the defendants, "as they appeared in the trial court, were all between the ages of 18 and 22." There isn't a word in the record submitted concerning the age of defendant or either of his co-defendants. Counsel for defendant states in his brief that defendant should have been granted probation. This presupposes an application therefor and a hearing thereon. The record is silent on this subject. In the brief of counsel for defendant, complaint is made that one of the co-defendants was sentenced to Buena Vista, and that the sentence of defendant to the penitentiary was there-

fore harsh. The record submitted discloses no objection to the sentence imposed on defendant; no motion was filed in the trial court directing the attention of the court to the alleged error committed in the imposition of the sentence, and thus no opportunity was presented to the trial court to correct the error, if in fact any error was committed. Under the statute defendant might have received a life sentence, and it cannot be successfully contended that the imposition of a sentence of eight to fifteen years was error, since in such matters the trial court has wide discretion. The record submitted is silent as to any of the circumstances surrounding the offense committed by defendant, and no facts whatever are presented upon which to base a finding that the sentence was too harsh.

■ Lastly, there has been no compliance whatever with the requirement of our rules governing the practice in criminal cases. Again we say that the Rules of Civil Procedure do not apply in criminal cases. In the instant case we find on the first page of the instrument entitled "Brief of Plaintiff in Error," the following:

### "ABSTRACT OF RECORD

Fols.

| | |
|---|---|
| 2 - 3 - 4 - 5 | Information against all defendants. |
| 7 - 8 - 9 - 10 | Sentence Clinton R. Hopson. |
| 14 - 15 | Verdicts Tee Gresham. |
| 17 - 18 | Sentence Tee Gresham. |
| 20 - 21 | Sentence Leo Bertrand Rochon." |

Under what possible theory the above could be considered an Abstract of Record required by the rules in criminal cases is a question that must forever remain unanswered.

The judgment of the trial court is affirmed.