No. 21376.

JOHN DOE A/K/A CHRISTOPHER VIGIL *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(416 P.2d 376)

Decided July 5, 1966.     Rehearing denied August 2, 1966.

EUGENE A. FRANTZ, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the court.

VIGIL was convicted by a jury of the crime of forgery, as that crime is defined in C.R.S. 1963, 40-6-1, and he was thereafter sentenced to a term of not less than ten nor more than eleven years in the state penitentiary.

Vigil contends that this judgment and sentence should be reversed because the trial court, he claims, erred in admitting into evidence, over his objection, the check which formed the basis for the forgery prosecution. The check in question was in the amount of $86.57. When upon trial the check was offered, Vigil objected on the ground that the proffered check varied and was different from the check which was described in the information, in that the check in question was described in the information as being in the amount of $85.57.

■ It should be pointed out that this was the only variance between the check offered in evidence and the description of the check as contained in the information. In other words, the purported drawer, the named payee, the date, and the drawee bank as such appeared in the proffered check were all accurately described in the information. Viewed in this setting, this slight variance obviously resulting from a typographical error could not possibly have prejudiced Vigil in any manner.

■ Indeed, Vigil himself makes no claim that he was in anywise misled as to the particular transaction which formed the basis for his prosecution. See C.R.S. 1963, 39-7-17, which declares that variance in the "description of any matter" shall not be deemed grounds for the acquittal of a defendant, unless such variance is material to the merits of the case or is prejudicial to such defendant.

Vigil additionally contends that even though it be determined by us that the *judgment* should be affirmed, the *sentence* imposed by the trial court should nevertheless be vacated and set aside and that he should thereafter be resentenced by the same sentencing tribunal. Vigil's argument in this regard is grounded on the fact that at the time of sentencing, he was not represented by counsel. During the course of his trial Vigil jumped bond, and pursuant to C.R.S. 1963, 39-7-13, the trial continued on its merry way without his presence. Appointed counsel was subsequently permitted by order of court to withdraw from the case after the motion for new trial was filed and denied. A few weeks later Vigil was apprehended and very shortly thereafter he was sentenced to the state penitentiary. It is undisputed that at the time of sentencing Vigil was without the benefit of counsel.

■ United States Constitution, Amendment VI provides that in all criminal prosecutions the accused shall have the assistance of counsel for his defense. Article II, Section 16 of the Constitution of Colorado similarly

provides that in criminal prosecutions the accused shall have the right to appear and defend in person and by counsel. Rule 44, Colo. R. Crim. P. provides that in the case of an indigent defendant in a criminal proceeding, an attorney shall be assigned to represent him "at every stage of the trial court proceedings." Most certainly, then, Vigil was entitled to be represented by counsel on the date of his sentencing and there is no suggestion that his right in this regard is somehow lost because of his bond jumping proclivities. Nor is there anything in the record before us to indicate that Vigil in any manner waived his right to counsel.

■ The imposition of sentence is certainly one stage of the proceedings before the trial court. Indeed, it is perhaps the most critical stage of the proceeding. As was well stated in *Martin v. United States*, 182 F.2d 225, 20 A.L.R. 2d 1236:

". . . . Then [the time of sentencing] is the opportunity afforded for presentation to the Court of facts in extenuation of the offense, or in explanation of the defendant's conduct; to correct any errors or mistakes in reports of the defendant's past record; and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws. Any judge with trial court experience must acknowledge that such disclosures frequently result in mitigation, or even suspension, of penalty. That it is also true that such discussion sometimes has a contrary result, does not detract from the fact that the nature and possibilities of this important stage of the proceedings are such as make the absence of counsel at this time presumably prejudicial."

■ The foregoing has particular applicability to the instant case. Vigil received what might appear at first blush to be a rather severe sentence, namely a ten to eleven year sentence for attempting, unsuccessfully we might add, to pass a forged check in the amount of $86.57. If counsel had been present at the time of sentencing, he might have been able to present extenuating

circumstances, or to explain Vigil's conduct and correct any error or mistakes, if such there were, in the reports concerning Vigil's past record. Conversely, it is recognized that "such discussion" may sometimes have a contrary result! But, as was said in the *Martin* case, this possibility does not detract from the significant fact that "the nature and possibilities of this important stage of the proceedings are such as make the absence of counsel at this time presumably prejudicial."

According to the statements of counsel made upon oral argument, Vigil is fully cognizant of the risk attendant upon his resentencing. Being appreciative of these possibilities, Vigil nonetheless insists that he be sentenced in conformity with the applicable law, and we have no recourse but to see that his rights in this regard are fully preserved.

Accordingly, the judgment that Vigil is guilty of forgery is now affirmed; but the sentence heretofore imposed by the trial court is hereby vacated and the cause remanded to the trial court with the direction that it appoint counsel to represent Vigil and then proceed to resentence him.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ not participating.