## No. 24934

## The People of the State of Colorado v. Michael Jenkins

(501 P.2d 742)

Decided October 10, 1972.

36

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane,

Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

In two informations, specifying three counts in one and five in the other, defendant Jenkins was charged with various violations of the criminal laws controlling possession and sale of narcotic drugs. By the process of plea bargaining, all counts were dismissed except one in each information charging Jenkins with conspiracy to possess narcotic drugs. To each count in the respective informations he entered a plea of guilty. Application for probation was denied, and Jenkins was sentenced to not less than five nor more than ten years in the state penitentiary in each case with the sentences to run consecutively. An alleged co-conspirator, one Horton, entered a plea of guilty to the count of possession of narcotic drugs and all other counts were dismissed. Horton was sentenced to the state reformatory for an indefinite term.

Approximately six months after sentencing, Jenkins sought post-conviction relief under Colo. R. Crim. P. 35(b), asking the court to vacate the sentence and to impose new sentences less disparate to the sentence imposed on the co-conspirator Horton. The Rule 35(b) petition was denied, and Jenkins is here seeking review of that action, contending that consecutive sentences imposed upon him so grossly exceed the punishment given his co-conspirator Horton as to deny him equal protection of the law under the Constitution of the United States.

Jenkins relies on cases from other jurisdictions wherein, because of statute, court rule, or case law, review of disparity sentences are permitted. At the time Jenskins was sentenced and at the time he sought the post-conviction relief, no Colorado law or rule existed permitting review of sentences. 1971 Perm. Supp., C.R.S. 1963, 40-1-509, now provides for limited appellate review of sentences in felony cases.

The 1971 statute does not apply to Jenkins, who was sentenced in 1969 and whose 35(b) petition was heard in February of 1970. Nevertheless, we answer Jenkins' contention and deem the constitutional question raised herein as specious. The equal protection clause in the United States Constitution requires only that the minimum and maximum sentences imposed by the statute — not the judge — are the same for all persons charged with the same or similar offenses. The individual treatment of each defendant within the limits of the sentence provided is within the discretion of the sentencing court. *Rochon v. People,* 134 Colo. 448, 306 P.2d 1080 (1957); *Olguin v. People,* 115 Colo. 147, 170 P.2d 285 (1946).

The imposition of a criminal sentence in each individual case requires the exercise of judicial judgment. It includes consideration of mitigating and aggravating circumstances and includes the power to impose an indeterminate sentence, the right to suspend sentence, or the discretion to grant probation in appropriate cases. The exercise of this discretionary power does not deny an accused the equal protection provisions of the Fourteenth Amendment. *Howard v. Fleming,* 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121; *Andrus v. Turner,* 421 F.2d 290 (10th Cir. 1970); *Morrison v. Walker,* 404 F.2d 1046 (9th Cir. 1969); *Overstreet v. United States,* 367 F.2d 83 (5th Cir. 1966); *Daloia v. Rhay,* 252 F.2d 768 (9th Cir. 1958); *Bratton v. Sigler,* 235 F.Supp. 448 (D. Neb. 1964).

The judgment is affirmed.