**No. 26233**

**The People of the State of Colorado v. James Lee Bruebaker**

(539 P.2d 1277)

Decided August 5, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, James W. Wilson, Assistant, for plaintiff-appellee.

Jeffrey I. Tompkins, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

This appeal questions sentencing practices in the district court of El Paso County and the right of the sentencing judge to consider hearsay evidence and the opinions of various police officials at the time a sentence is imposed.

James Lee Bruebaker and a confederate were each charged with second-degree burglary, aggravated robbery, and two counts of felony theft. Pursuant to a plea agreement, both defendants entered pleas of guilty to aggravated robbery, and the other charges against the defendants were dismissed. Bruebaker's confederate was sentenced to the state reformatory for a term which was not to exceed five years. Bruebaker was sentenced to the state penitentiary for a term of fifteen to twenty-five years at hard labor. Thereafter, Bruebaker filed a *pro se* motion to review the sentence, claiming a disparity in the sentences imposed on the individuals who perpetrated the crime and other irregularities which he claimed were the basis of his long sentence to the penitentiary. We affirm.

The prosecution asserts that Bruebaker's appeal should be dismissed because it does not properly fall within the requirements of Crim. P. 35(b). We disagree. Bruebaker's *pro se* motion for postconviction relief alleged specific facts but did not include the reference to his right to due process or equal protection of the law. We have previously held that a bald allegation of constitutional error is insufficient for review when specific facts are not pleaded to support the claim. *Hooker v. People*, 173 Colo. 226, 477 P.2d 376 (1970). However, *Hooker v. People, supra,* does not resolve the corollary issue. When specific facts, which implicitly relate to constitutional error, are alleged, a failure to plead the constitutional violation as such with specificity is not fatal. The trial court appointed counsel and permitted Bruebaker to pursue his claimed constitutional violation on appeal. We believe that the case is properly postured for review, and a dismissal by the trial court would have been error.

The primary issue is whether the imposition of disparate sentences on individuals who have jointly committed a crime, buttressed by unsubstantiated accusatory opinion and by hearsay information, when coupled with the claim of formula sentencing, constitutes error of a constitutional dimension that would require us to remand for resentencing. We answer in the negative.

In sentencing, the court's responsibility is to individualize a sentence and to tailor the sentence to fit the crime and the particular defendant who is before the court. *People v. Alvarez*, 187 Colo. 290, 530 P.2d 506 (1975); *People v. Lichtenwalter*, 184 Colo. 340, 520 P.2d 583 (1974); *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973); *ABA Standards Relating to Sentencing Alternatives and Procedures* § 2.2. Guidelines for the determination of a sentence involve weighing several factors, including the nature of the offense, the character of the offender, rehabilitation of the defendant, the development of respect for law and deterrence of crime, and the protection of the public. *People v. Duran,* 188

Colo. 207, 533 P.2d 1116 (1975); *see also,* section 18-1-409(1), C.R.S. 1973. Moreover, an appellate court should not modify the sentence imposed by the trial judge unless the record exhibits a clear abuse of discretion by the trial judge in his determination. *People v. Duran, supra;* *People v. Campbell,* 188 Colo. 79, 532 P.2d 945 (1975); *People v. Euresti,* 187 Colo. 266, 529 P.2d 1319 (1975); *ABA Standards Relating to Appellate Review of Sentences* § 3.1.

■ In our view, the trial judge did not abuse his discretion in imposing a sentence on Bruebaker of fifteen to twenty-five years for aggravated robbery. The sentence falls within the statutory limitations provided by the legislature for class 3 felonies. Class 3 felonies are punishable by a minimum sentence of five years and a maximum of forty years. Section 18-1-105, C.R.S. 1973. Bruebaker had an extended criminal record and had been released on parole less than two months when he committed the offense which provided the basis for a sentence to the penitentiary. *See People v. Duran, supra.*

■ A sentencing hearing is a critical stage of a criminal proceeding. *People v. Emig,* 177 Colo. 174, 493 P.2d 368 (1972); *John Doe v. People,* 160 Colo. 215, 416 P.2d 376 (1966); *M. Frankel, Criminal Sentences: Law Without Order* (1st ed. 1973). However, hearsay is admissible because of the substantial difference between the sentencing hearing and the trial itself. *People v. Duran, supra; Wolford v. People,* 178 Colo. 203, 496 P.2d 1011 (1972); *Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969); *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969).

■ Due to the individualized nature of sentencing, there is no rule that confederates in crime must receive equal sentences, nor that failure to impose equal sentences violates equal protection of the law under the Colorado or United States Constitutions. *People v. Pauldino,* 187 Colo. 61, 528 P.2d 384 (1974); *People v. Jenkins,* 180 Colo. 35, 501 P.2d 742 (1972); *Shepard v. United States,* 257 F.2d 293 (6th Cir. 1958); *State v. Collins,* 111 Ariz. 303, 528 P.2d 829 (1974); *State v. Ferbert,* 113 N.H. 235, 306 A.2d 202 (1973).

Various law enforcement officers branded Bruebaker as the most criminally-oriented of the participants in the crime and as the instigator of the criminal offense. In this case, although Bruebaker denied the allegations, the substantiated facts in the pre-sentence report provided a basis for the opinions which were included in the report. *But see United States v. Weston,* 448 F.2d 626 (9th Cir. 1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Collins v. Buchkoe,* 493 F.2d 343 (6th Cir. 1974); *M. Frankel, Criminal Sentences: Law Without Order* (1st ed. 1973).

Nothing in the record substantiates Bruebaker's claim that he was sentenced on a formula basis or that any of the other facts which he alleged as a basis for relief are true, and the record clearly establishes a long

and continued history involving the perpetration of crimes of violence.

Bruebaker asserts that he was unfairly sentenced because section 16-7-301(3), C.R.S. 1973, provides that "defendants whose situations are similar should be afforded similar opportunities for plea agreement." He contends that the statutory language should be read in conjunction with the Due Process Clause of the United States Constitution so as to guarantee that each confederate in crime would be given a comparable or similar sentence. We do not agree. The statute relates to plea agreements, rather than to sentencing procedures. Both defendants plead guilty to the same crime and obtained dismissal of other charges, which were identical, as part of a plea agreement. The plea agreement was spread upon the record and afforded to defendant every constitutional protection. The difference in the sentences which were imposed against Bruebaker and his confederate does not require reversal.

Accordingly, we affirm.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE KELLEY concur.