549 P.2d 427 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
George Philip SPANN, Defendant-Appellant.
No. 75-091.
Colorado Court of Appeals, Div. II.
November 28, 1975.
Rehearing Denied January 22, 1976.
Certiorari Granted May 3, 1976.
*428 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William J. Donlon, Jr., Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Mary G. Allen, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
Defendant pleaded guilty to killing a calf in violation of what is now § 35-43-128, C.R.S.1973, and was sentenced to a term of not less than three nor more than five years in the state penitentiary. Within 120 days thereafter, he moved that the trial court reduce his sentence under Crim.P. 35(a). The trial court denied this motion, and defendant appeals. We affirm.
The statute under which defendant was convicted, § 35-43-128, C.R.S.1973, provides, inter alia, that any person convicted thereof `shall be punished by imprisonment in the state penitentiary for not less than one year nor more than ten years and by a fine of not less than two hundred dollars nor more than five thousand dollars." The sentence imposed was within those limits.
We must reject defendant's argument that the general theft statute, providing a lesser penalty, should govern the sentence. Section § 18-1-108, C.R.S.1973, provides:
"Any felony, misdemeanor, or petty offense defined by state statute outside this code without specification of its class shall be punishable as provided in the statute defining it, or as otherwise provided by law outside this code."
The sentence was therefore neither an illegal sentence nor was it illegally imposed, and defendant's request under Crim.P. 35(a) can only have been a request to reconsider and reduce the sentence imposed. The trial court, in the excercise of its discretion, chose not to do so. While we feel the sentence imposed is excessive under the facts in this case, that decision is not reviewable because determination of the sentence to be received by an individual defendant is a matter left to the discretion of the trial court, within the bounds provided by the legislature. People v. Jenkins, 180 Colo. 35, 501 P.2d 742; Smith v. People, 162 Colo. 558, 428 P.2d 69.
*429 Where the court acts within its statutory discretion relief from the sentence imposed has been held to lie only with the executive. Walker v. People, 126 Colo. 135, 248 P.2d 287; Olguin v. People, 115 Colo. 147, 170 P.2d 285. The only exception to this rule is the statutory review of sentence procedure appearing in § 18-1-409, C.R.S.1973, which, while authorizing review of sentences in some cases, specifically precludes appellate review where the minimum sentence imposed is not more than three years greater than the minimum sentence provided for that offense. Such is not the case here.
The denial of defendant's motion is affirmed.
RULAND, J., concurs.
KELLY, J., dissents.
KELLY, Judge (dissenting):
I respectfully dissent.
While I agree with the majority that an application for deduction of sentence under Crim.P. 35(a) is addressed to the discretion of the trial court, I do not agree that the decision of the trial court is not reviewable. If the discretionary portion of Crim.P. 35(a) is to have any meaning at all, the actions of the trial court must be subject to more than an appellate rubber stamp.
Here, the record reflects that the decision of the trial court to deny defendant's motion for sentence reduction was not in any sense an exercise of discretion based on factors relevant to the duration of defendant's incarceration. Rather than an abuse of discretion, there was no discretion exercised at all.
Although a defendant is not necessarily entitled to a sentence reduction, he is, on timely motion under Crim.P. 35(a), entitled to a bona fide judicial determination of the merits of his application. Although this court is powerless, in the procedural setting of this case, to reduce the sentence imposed, we are not without the power to reverse the trial court's decision and remand the case for an objective determination of the merits of the defendant's motion.