UNITED STATES of America,
Plaintiff-Appellee,

v.

Guy Richard JOHNS, Jr.,
Defendant-Appellant.

Nos. 79–1845, 79–2110.

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 19, 1980.

Decided Jan. 13, 1981.

Julian K. Fite, U. S. Atty., John R. Osgood, and Mark F. Green, Asst. U. S. Attys., Muskogee, Okl., for plaintiff-appellee.

D. D. Hayes of Bonds, Matthews, Bonds & Hayes, Muskogee, Okl., for defendant-appellant.

Before McWILLIAMS and LOGAN, Circuit Judges, and CHRISTENSEN, District Judge.*

McWILLIAMS, Circuit Judge.

In 1976 Guy Richard Johns, Jr. was indicted on charges of theft, forgery and negotiation of a United States Treasury check. He initially entered not guilty pleas, and later changed his plea and pled guilty to one count of the indictment. At the sentencing hearing in 1977, Johns was placed on probation for three years and imposition of sentence was deferred.

On July 30, 1979, an application for revocation of Johns' probation was made by Johns' probation officer. The application listed a number of alleged violations of Johns' conditions of probation.[1] Based on the application, a warrant was issued for

---

* Honorable A. Sherman Christensen, United States District Judge for the District of Utah, sitting by designation.

1. The application for revocation by the probation officer listed eleven violations of the law that had resulted in Johns' arrest. Of these, ten had resulted in guilty pleas, fines or jail terms. These ten included speeding, driving without a driver's license, driving under the influence of alcohol, resisting arrest and being drunk in a public place. The eleventh arrest,

Johns' arrest. On August 2, 1979, Johns was arrested in Ada, Oklahoma. The next day he was transferred to Muskogee, Oklahoma. On August 4, 1979, Johns was given a copy of the application to revoke probation. On August 6, 1979, a preliminary hearing was held before a United States Magistrate. The Magistrate determined that Johns was an indigent and appointed counsel to represent Johns at the preliminary hearing. After an evidentiary hearing, the Magistrate held that there was probable cause to believe that Johns had violated the terms of his probation and that he should be held pending a revocation hearing before a district judge. The Magistrate's report was forwarded immediately to the district judge, although the transcript of the hearing was not available until some time later.

On August 8, 1979, a hearing was held before a United States District Judge sitting in the Eastern District of Oklahoma. At this hearing Johns was represented by the same appointed lawyer who had represented him at the preliminary hearing before the Magistrate. Johns and his appointed counsel, notwithstanding persistent questioning from the district judge, stated that they did *not* wish to contest the application to revoke probation. Accordingly, the judge revoked probation and sentenced Johns under the Federal Youth Corrections Act. 18 U.S.C. §§ 5005 through 5026 (1969 and West Supp.1980).

Sometime between August 8, 1979, the date when Johns' probation was revoked and sentence was imposed, and August 17, 1979, Johns had a change of heart and a change in counsel. On August 17, 1979, Johns, through retained counsel, filed a notice of appeal from the August 8 order revoking probation. That appeal is No. 79–1845.

On September 26, 1979, retained counsel filed on behalf of Johns in the district court a motion to reduce or correct sentence under Fed.R.Crim.P. 35. On October 3, 1979, the district court denied the Rule 35 motion. Thereafter, on October 12, 1979, a notice of appeal from the October 3 order was filed. The appeal from the denial of Rule 35 relief is No. 79–2110. The two appeals were consolidated in this Court for briefing. By agreement of counsel, the case was submitted on the briefs, both parties waiving oral argument.

### No. 79–1845

This is the appeal from the district court's order of August 8, 1979, revoking probation and sentencing Johns under the Federal Youth Corrections Act. The ground urged for reversal is that Johns did not have the effective assistance of counsel at that hearing.[2] Present counsel, who did not represent Johns in the trial court, asserts in his brief that although Johns did have the effective assistance of counsel at the preliminary hearing before the Magistrate, the same lawyer did *not* render reasonably effective assistance to Johns at the hearing before the district judge.

■ The contention that Johns did *not* receive effective assistance of counsel at the hearing before the district judge is based on the fact that his attorney stated that Johns desired to admit that he had violated the terms of his probation and that they did not wish to contest the application to revoke probation. As indicated above, the district judge questioned both Johns and his counsel quite closely to make certain that no further evidentiary hearing was desired, and both Johns, and his attorney, indicated clearly, and repeatedly, that they were not going to contest the matter. Such action on behalf of Johns by his appointed counsel does not necessarily indi-

---

for assault and battery, was listed by the probation officer as pending. In addition to the arrests, the probation officer stated in his report to the court that Johns had violated his conditions of probation by failing to maintain reasonable hours, failing to immediately identify his place of residence, and failing to follow the probation officer's instructions.

2. In this regard, we note that, because Johns was sentenced at this proceeding, he was entitled to be represented by an attorney. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Wrone v. Anderson*, 478 F.2d 291 (10th Cir. 1973); *Firkins v. Colorado*, 434 F.2d 1232 (10th Cir. 1970); and *Doe v. People*, 160 Colo. 215, 416 P.2d 376 (1966).

cate ineffective assistance of counsel. Such conduct is equally consistent with a desire by Johns and his attorney to avoid having the entire matter more fully explored by a judge who would eventually impose sentence. But regardless of whether this was a calculated bit of strategy by Johns, and his appointed lawyer, the fact remains there is absolutely nothing in the record in No. 79–1845 to indicate that at the hearing before the district judge on August 8, 1979, he was denied the effective assistance of counsel. Judgment affirmed.

### No. 79–2110

This is the appeal from the trial court's order of October 3, 1979, denying Johns' Rule 35 motion. As above mentioned, Johns had filed a notice of appeal on August 17, 1979, from the order of August 8, 1979. Such being the case, the district court was without jurisdiction to entertain a Rule 35 motion.[3] Accordingly, this particular appeal is dismissed without prejudice to Johns asserting any rights he may have under Rule 35 upon affirmance of No. 79–1845.

---

**3.** As stated in *U. S. v. Burns*, 446 F.2d 896, 897 (9th Cir. 1971), where a defendant had filed a notice of an appeal of his conviction, "the district court lacked jurisdiction to entertain the motion to reduce sentence." *See also U. S. v. Ellenbogen*, 390 F.2d 537, 542–43 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). *Cf. Board of Education v. York*, 429 F.2d 66, 70 (10th Cir. 1970) (district court loses jurisdiction when a case is appealed), *cert. denied*, 401 U.S. 954, 91 S.Ct. 968, 28 L.Ed.2d 237 (1971).