The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Mark Allen SOBOTT, Defendant-Appellant.

No. 80SA118.

Supreme Court of Colorado, En Banc.

July 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

Defendant Sobott appeals the sentence he received for robbery. We affirm.

Defendant was charged with two counts of aggravated robbery in connection with the armed robberies of a Mr. Donut shop and a Mr. Taco restaurant. Initially, he entered pleas of not guilty and not guilty by reason of insanity to the charges. Thereafter, in connection with a plea agreement, defendant entered a plea of guilty to one count of simple robbery and the other charges were dismissed. Defendant was sentenced to a term of eight to ten years imprisonment, to be served concurrently with a ten to fifteen year sentence previously imposed in connection with a separate conviction for aggravated robbery.

### I.

The defendant argues that the sentence imposed is excessive in light of the nature of the offense and the defendant's character.

The record indicates that during each of these robberies defendant was armed with a sawed-off shotgun. At the time of sentencing, he was twenty-five years of age and had a prior criminal record which included three felony convictions. One of the prior convictions was for aggravated robbery.

Defendant admits that he has a drug use problem and claimed that he was under the influence of a drug and alcohol at the time of these robberies. Consequently, defendant asserts a shorter sentence combined with a drug and alcohol abuse treatment program would better serve the important social goal of rehabilitation. Our review of the record indicates that defendant has been aware of his drug and alcohol dependence for a number of years and has never made any effort to benefit from any rehabilitation program.

Robbery is a class 4 felony, and at the time of this defendant's sentencing was punishable by a term of one to ten years imprisonment. The imposition of an eight to ten year sentence in this case was not an abuse of discretion requiring modification by this court on appeal. *See People v. McKenna*, Colo., 611 P.2d 574 (1980); *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Bruebaker*, 189 Colo. 219, 539 P.2d 1277 (1975); *People v. Duran*, 188 Colo. 207, 533 P.2d 1116 (1975).

### II.

Defendant also maintains that section 25 of House Bill 1589, as amended in March 1979, Colo.Sess.Laws 1979, ch. 157, Sec. 25 at 672, unconstitutionally infringes upon this court's rule-making authority, and argues that he is entitled to be resentenced under the presumptive sentencing provisions of the 1977 version of House Bill 1589, Colo.Sess.Laws 1977, ch. 216, 18–1–105 at 867. These arguments are without merit. *People v. McKenna, supra; see People v. Francis*, Colo., 630 P.2d 82, n. 1 (1981).

Judgment affirmed.

LEE, J., does not participate.