817 F.2d 103
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Keith A. CAMPBELL, Defendant--Appellant.
UNITED STATES of America, Plaintiff--Appellee,
v.
Keith A CAMPBELL, Defendant--Appellant.
 Nos. 86-5088, 86-7633.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided April 22, 1987.
 
 Before HALL, SPROUSE and WILKINSON, Circuit Judges.
 Keith A. Campbell, appellant pro se.
 John C. Belcher, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Keith A. Campbell was convicted on December 6, 1985 of one count of mail fraud, and sentenced to five years' incarceration. His conviction was affirmed by this Court on August 26, 1986. While Campbell's appeal was pending in this Court, he filed in the district court a motion for correction of his presentence report and for resentencing pursuant to Fed. R. Crim. P. 32 (c) (3) (D), and a motion for correction of sentence pursuant to Fed. R. Crim. P. 35 (a). The district court denied these motions without comment, and it is from these denials that Campbell now appeals.
 
 
 2
 We find that these motions were properly denied for lack of jurisdiction in the district court due to the pendency of Campbell's appeal of his conviction. A district court lacks jurisdiction to entertain a Rule 35 motion once a notice of appeal has been filed. See United States v. Johns, 638 F.2d 222, 224 & n.3 (10th Cir. 1981); United States v. Garrett, 583 F.2d 1381, 1391 (5th Cir. 1978); United States v. Mack, 466 F.2d 333 (D.C. Cir.), cert. denied, 409 U.S. 952 (1972). Assuming that Rule 32 provides an independent jurisdictional basis for the district court to entertain a postjudgment challenge to the sentencing proceeding, see United States v. Ursillo, 786 F.2d 66 (2d Cir. 1986), the same principle would apply. Upon the filing of an appeal from the conviction, jurisdiction is transferred to the court of appeals and the district court is divested of jurisdiction.
 
 
 3
 The district court's denial of the motions is affirmed on the basis of lack of jurisdiction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 AFFIRMED.