**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Andrew GARBERDING, Defendant–Appellant.**

**No. 89SA140.**

Supreme Court of Colorado, En Banc.

Feb. 20, 1990.

Duane Woodard, Atty. Gen., John M. Hutchins, First Asst. Atty. Gen., Denver, and G.F. Sandstrom, Dist. Atty., Pueblo, for plaintiff-appellee.

Darol C. Biddle, Pueblo, for defendant-appellant.

Justice VOLLACK delivered the Opinion of the Court.

The defendant Andrew Garberding appeals from the trial court's imposition of a sentence of 18 months in a work release program, pursuant to sections 16–11–202 and 16–11–212, 8A C.R.S. (1986). The defendant argues that section 16–11–212 violates the equal protection provisions of the United States and Colorado constitutions. We accepted this appeal on certification from the court of appeals, and affirm.[1]

I.

On September 4, 1986, the defendant and the victim Steven Scholes, both of whom

---

**1.** Because the defendant challenges the constitutionality of § 16–11–212, jurisdiction is properly in this court. Subsections 13–4–102(1)(b) and 13–4–110(1)(a), 6A C.R.S. (1987). No oral arguments were scheduled in this case.

had been drinking, became involved in an argument.[2] Eventually, Scholes and two of his friends followed the defendant and his friend to a parking lot where a fight occurred. During the fight, the defendant stated that during the fight Scholes, armed with a large club, charged him. The defendant, who had taken a gun from his friend's car, shot and killed Scholes.

The district attorney's office on September 11, 1986, filed a charge of second degree murder against the defendant. On December 8, 1987, pursuant to a plea bargain the defendant pled guilty to manslaughter by recklessly causing the death of another, as defined in subsection 18–3–104(1)(a), 8A C.R.S. (1986), a class four felony.

The trial court sentenced the defendant to six years probation. As a condition of probation, the court sentenced the defendant to the county jail to serve a period of 18 months in a "Work/Education Release" program.

Subsequently the defendant filed a motion to correct sentence pursuant to Crim.P. 35(a), alleging that section 16–11–212 is violative of equal protection of the laws as guaranteed by the fourteenth amendment to the United States Constitution and article II, section 6, of the Colorado Constitution. The court denied the motion and the defendant filed this appeal.

## II.

Two statutory sentencing provisions are in issue in this case. Section 16–11–202 provides that a trial court may sentence a defendant to probation "for such period and upon such terms and conditions as it deems best."[3] One such condition the court may impose is a period of incarceration. § 16–11–202. However, the court may not impose a probation condition of incarceration for a period longer than 90 days unless the court has sentenced the defendant as a probation condition to a work-release program, pursuant to section 16–11–212. *Id.*

Section 16–11–212, providing for work release programs, sets forth another condition of probation to which a trial court may sentence a defendant.[4] The statute states that a court may require the probationer to participate in a work release program for the lesser of two years or the term to which that defendant might have been sentenced for the offense committed.

The defendant was eligible for, and applied for, probation. *See* § 16–11–201(1),

---

2. Because of the unavailability of the sentencing transcript, these facts are summarized from the presentencing report.

3. Section 16–11–202 states in relevant part:

   When it appears to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions as it deems best. In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county ... for such intervals within the period of probation as the court determines. The aggregate length of any such commitment whether continuous or at designated intervals shall not exceed ninety days for a felony ... unless it is a part of a work release program pursuant to section 16–11–212.

4. Section 16–11–212, 8A C.R.S. (1986), which also provides for education release programs, states in relevant part:

   (1) As a specific condition of probation for a person convicted of a felony or misdemeanor, the court may require the probationer to participate for a period not to exceed two years or the term to which he might be sentenced for the offense committed, whichever is less, in a supervised work release or education release program. Utilization of the county jail, a municipal jail, or any other facility may be used for the probationer's full-time confinement, care, and maintenance, except for the time he is released for scheduled work or education.

   Subsection 16–11–212(2) provides that a probationer's income during participation in a work release program shall be deposited in the registry of the court, and the court may disburse the sums for restitution, support for the probationer's dependents, probationary supervision costs and other costs associated with the probationer's participation in the work release program.

   Under work release programs, defendants are incarcerated but are permitted to travel to and from their jobs and to work at their jobs under strict guidelines. However, defendants generally remain incarcerated while they are not working at their jobs.

8A C.R.S. (1986). The defendant's maximum presumptive sentence was $500,000 in fines or eight years imprisonment or both. *See* § 18–1–105, 8B C.R.S. (Supp.1989). The defendant's minimum presumptive sentence was $2,000 or two years imprisonment or both. *See id.*

The defendant argues that section 16–11–212, the work release statute, violates equal protection of the laws because the statute permitted the trial court to sentence defendant to the "harsher" penalty of eighteen months in jail as a condition of probation under the work release program, even though the defendant could have received a much shorter period of incarceration as a condition of probation under section 16–11–202. We reject this argument.

### III.

Both the United States and Colorado constitutions guarantee that no person shall be denied equal protection of the law. *E.g., People v. Romero,* 746 P.2d 534, 536 (Colo.1987). Equal protection guarantees that the government will treat similarly situated individuals in a similar manner. *E.g., People v. Mozee,* 723 P.2d 117, 126 (Colo.1986); *see Lehr v. Robertson,* 463 U.S. 248, 265–66, 103 S.Ct. 2985, 2995–96, 77 L.Ed.2d 614 (1983). State judges are state actors within the meaning of the fourteenth amendment. *McGhee v. Sipes,* 334 U.S. 1, 14, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). To establish a violation of equal protection, a party must show that the allegedly offensive categorization unlawfully discriminates against the category to which the party belongs. *See, e.g., Vance v. Bradley,* 440 U.S. 93, 111, 99 S.Ct. 939, 949, 59 L.Ed.2d 171 (1979); *Lujan v. Colorado State Bd. of Educ.,* 649 P.2d 1005, 1015–16 (Colo.1982).

In this case, the defendant does not assert that the statute burdens a fundamental right or creates a suspect classification. Indeed, courts have held that felons are not entitled to a particular, or lenient, sentence. *E.g., Williams v. Oklahoma,* 358 U.S. 576, 586–87, 79 S.Ct. 421, 427, 3 L.Ed.2d 516 (1959); *People v. Jenkins,* 180 Colo. 35, 38, 501 P.2d 742, 743 (1972). Nor are they a protected class under the federal Constitution. *E.g., Baer v. City of Wauwatosa,* 716 F.2d 1117, 1125 (7th Cir.1983).

The defendant appears to argue both that the statute is facially unconstitutional and unconstitutional as applied to him.[5] We will consider each argument separately.

### A.

The defendant's facial challenge appears to be as follows: The existence of section 16–11–202 renders section 16–11–212 unconstitutional because the operation of the two statutes creates two groups of individuals who are being treated differently. The first is the group of class four felons who are sentenced as a condition of probation to a maximum period of 90 days incarceration pursuant to section 16–11–202. The second is the group of class four felons who are sentenced as a condition of probation to a period of incarceration of up to two years as part of a work release program pursuant to section 16–11–212. Finally, the defendant argues that there is no rational purpose in distinguishing between the two groups of class four felons. We find these arguments meritless.

A threshold inquiry in any equal protection claim is whether persons who are in fact similarly situated are subjected by some governmental statute to disparate treatment. *Board of County Comm'rs v.*

---

5. A court may determine whether a law is constitutionally valid "on its face" where the law, by its own terms, creates classifications. 2 Rotunda, Nowak & Young, *Treatise on Constitutional Law: Substance and Procedure* § 18.2, at 317 (2d ed. 1986); *see Two G's, Inc. v. Kalbin,* 666 P.2d 129, 133 (Colo.1983). In contrast, challenges to the constitutionality of a facially neutral law generally assert that while the law itself creates *no* classifications, its administrative application to various individuals results in the creation of classifications. 2 Rotunda, *supra,* at 318; *see Kalbin,* 666 P.2d at 133.

The thrust of the defendant's arguments appears to be a facial challenge to the constitutionality of § 16–11–212 when it is used in conjunction with § 16–11–202. However, the defendant also complains about § 16–11–212's application to him.

*Flickinger*, 687 P.2d 975, 982 (Colo.1984). *Flickinger* observed:

"The [Equal Protection] Clause announced a fundamental principle: the State must govern impartially. Generally rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle. Only when a governmental unit adopts a rule that has a special impact on less than all the persons subject to its jurisdiction does the question whether this principle is violated arise."

*Id.* at 982 (quoting *New York Transit Auth. v. Beazer*, 440 U.S. 568, 587–88, 99 S.Ct. 1355, 1366–67, 59 L.Ed.2d 587 (1979)).

Neither section 16–11–202 nor section 16–11–212, either independently or jointly, creates any classifications. Each of the statutes "merely establishes general statutory" probation dispositions for *all* defendants who are eligible for probation. *See Flickinger*, 687 P.2d at 982. Thus, the statutes have "an equal impact" on all class four felons eligible for probation. *See id.* And all class four felons eligible for probation have an equal chance to receive a condition of probation of greater or less severity than the defendant's. *Cf. Andrus v. Turner*, 421 F.2d 290, 292–93 (10th Cir.1970) (penalty provision in Utah statute applies equally to all persons and classes of persons in the state without discrimination; every person convicted of violating statute has equal chance for lenience; thus, statute prescribing penalty does not violate equal protection).

Because the statutes create no classifications disparately affecting the defendant, we hold that neither section 16–11–202 nor section 16–11–212 violates the defendant's right to equal protection under the United States and Colorado constitutions.

#### B.

■ We next address defendant's argument that sections 16–11–202 and 16–11–212 violate equal protection as applied to him. The defendant's as-applied argument appears to be that the sentencing judge violated his equal protection rights by requiring that he participate in 18 months of work release as a condition of his probation pursuant to section 16–11–212. The defendant argues that state and federal guarantees of equal protection prevented the judge from imposing more than 90 days in jail pursuant to section 16–11–202. We conclude that the district court's application of the statutes did not deprive the defendant of equal protection of the laws.

As a general matter, the defendant has the burden of demonstrating that the class of which he is a member has been the subject of unlawful discrimination.[6] *See, e.g., Vance*, 440 U.S. at 111, 99 S.Ct. at 949; *Lujan*, 649 P.2d at 1015–16. The defendant does not allege that he is a member of a protected class. Nor does the defendant allege that the sentencing judge discriminated against him because he was a member of a particular class, and the record would not support such an allegation.

■ In any event, equal protection does not require that the defendant, as a class four felon, receive a sentence identical to sentences received by all other class four felons. *See, e.g., People v. Jenkins*, 180 Colo. 35, 38, 501 P.2d 742, 743 (1972); *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970). Equal protection requires only that the minimum and maximum sentences imposed by the statute—not the judge—are the same for all persons charged with the same or similar offenses; the individual treatment of each defendant within the limits of the sentence provided is within the sentencing court's discretion. *People v. Bruebaker*, 189 Colo. 219, 222, 539 P.2d 1277, 1279 (1975); *Jenkins*, 180 Colo. at 38, 501 P.2d at 743; *accord People v. White*, 656 P.2d 690, 694 (Colo.1983); *see Williams v. Illinois*, 399 U.S. at 241–42, 90 S.Ct. at 2022–23; *Williams v. Oklahoma*, 358 U.S.

---

**6.** Other authorities have argued that the Equal Protection Clause applies also to individuals who do not necessarily belong to a class, although they agree that no equal protection violation occurs without some discrimination. *See, e.g.,* Tribe, *American Constitutional Law* 1438 & n. 18 (2d ed. 1988). We have no need to decide in this case whether equal protection claims may be brought by individuals not part of a class.

at 586–87, 79 S.Ct. at 427; *United States v. Palma*, 760 F.2d 475, 478 (3d Cir.1985). The defendant's faulty premise is that a sentencing judge, when faced with a harsher or more lenient condition of probation, must choose the more lenient condition.

That the defendant received a sentence of 18 months in a work release program as a condition of his probation does not in itself rise to the level of an equal protection violation. Similarly, the fact that the defendant could have received, but did not receive, a sentence of 90 days incarceration as a condition of probation does not indicate a constitutional deficiency in the sentencing proceedings.[7] The sentencing statutes authorized the judge to sentence the defendant to a wide range of penalties, from probation without incarceration to eight years imprisonment.

As we have stated in the past, the sentencing court's responsibility is to individualize and tailor a sentence to fit the crime and the particular defendant before the court. *E.g., Bruebaker*, 189 Colo. at 221, 539 P.2d at 1279. In sentencing, courts are given wide discretion. *Williams v. Illinois*, 399 U.S. at 243, 90 S.Ct. at 2023; *see Bruebaker*, 189 Colo. at 221–22, 539 P.2d at 1278–79. The exercise of this discretionary power does not deny a defendant equal protection under the laws. *Jenkins*, 180 Colo. at 38, 501 P.2d at 743; *see Williams v. Oklahoma*, 358 U.S. at 586–87, 79 S.Ct. at 427.

Judgment is affirmed.

---

7. The defendant cites numerous cases for the proposition that when two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the laws.

We have reaffirmed that proposition repeatedly. *E.g., Romero*, 746 P.2d at 536–37. However, that rule of law has no bearing on this case. That rule concerns multiple statutes proscribing the same conduct and yet prescribing different penalties. *E.g., id.* at 537; *People v. Czajkowski*, 193 Colo. 352, 356, 568 P.2d 23, 25 (1977). Here, the defendant, who does not assert that he could have been convicted under another statute proscribing the same conduct, was convicted under one statute that prescribed a range of penalties. The sentencing court's decision to choose a penalty within the statutory range did not implicate the defendant's equal protection guarantees.