951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John M. WYATT, Defendant-Appellant.
 Nos. 91-2068, 91-2101.
 United States Court of Appeals, Tenth Circuit.
 Dec. 17, 1991.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant John Wyatt appeals two orders of the district court denying his claim pursuant to 28 U.S.C. § 2255 and Fed.R.Crim.P. 35(a). On appeal, Wyatt contends that the district court erred by failing to correct his illegal sentence and by failing to grant appellant's request for credit for time served while out on pretrial release. We affirm.
 
 
 3
 Pursuant to 28 U.S.C. § 2255, Wyatt contends that the district court erred in denying his request for credit for time served prior to trial. The Bail Reform Act of 1966, 18 U.S.C. § 3568, designated the Attorney General, not a court, as the proper entity to determine credit for a "defendant's time in custody prior to imposition of sentence." United States v. Baez, 732 F.2d 780, 782 (10th Cir.1984). Wyatt has made no showing that he has exhausted this administrative remedy. Therefore, the district court correctly determined that it did not have jurisdiction to hear Wyatt's claim.
 
 
 4
 Wyatt also filed an action pursuant to Fed.R.Crim.P. 35(a), contending that he was illegally sentenced under the Sentencing Reform Act of 1984. Wyatt filed this action while his direct appeal was pending in this Court. When a notice of appeal is filed the district court loses jurisdiction over the case. See United States v. Johns, 638 F.2d 222, 224 (10th Cir.1981). Therefore, the district found that it was without jurisdiction to entertain this motion.
 
 
 5
 Accordingly, both appeals are DISMISSED without prejudice. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3