956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dan L. WILLIAMS, Jr., also known as Booboo, Defendant-Appellant.
 No. 91-2076.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1992.
 
 Before BALDOCK and BARRETT, Circuit Judges, and DAUGHERTY*, District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dan Williams (Williams), appearing pro se, appeals from an order of the court dismissing his motion to correct a sentence filed pursuant to Fed.R.Crim.P. 35(a).
 
 
 3
 This is a companion case to United States v. Williams, No. 90-2104, filed today, in which we affirmed Williams' underlying jury convictions of conspiracy with intent to possess with intent to distribute more than 100 kilograms of marijuana (Count I) in violation of 21 U.S.C. §§ 841, 841(1)(1) and (b)(1)(B) and possession with intent to distribute more than 100 kilograms of marijuana (Counts V and VIII) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).
 
 
 4
 Williams was sentenced under the Sentencing Reform Act of 1984 (SRA) on June 5, 1990, to concurrent prison terms of 78 months on Counts I and VIII and ordered to serve a five year period of supervised release following his release from prison. He was also ordered to serve a concurrent five year sentence on Count V to be followed by a special four year parole term. Williams subsequently filed a notice of appeal.
 
 
 5
 While his direct appeal was pending, Williams filed this Rule 35(a) motion in the district court on December 28, 1990, to correct his sentence. Within his motion, Williams argued that the district court erred in sentencing him under the SRA as to Counts I and VIII. Williams contended that "[t]he stated policy [of the SRA] is [that] offenses must be begun and completed before the effective date of the Act. Thus the Sentencing Reform Act would not apply to an offense begun before November 1, 1987 and completed after that date," (R., Vol. I, Tab 425 at p. 2), and he was "entitled to be sentenced under the 'old law', with its lower penalties for defendant's particular offense(s) and the possibility of parole under the 'old law.' " Id. The district court denied the motion via a minute order.
 
 
 6
 On appeal, Williams contends: (1) expressed legislative intent, binding on the court, makes clear that the SRA does not apply to offenses which began before November 1, 1987, and which were completed after that date; (2) the SRA was not effective until December 7, 1987, the day on which it was signed into law by the President; and (3) the district court should have considered his Rule 35(a) motion as a writ of habeas corpus and decided the motion on its merits.
 
 
 7
 The government responds, citing to Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), that the district court did not have jurisdiction to consider Williams' motion while his direct appeal was pending. In Griggs, the Court opined that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." We agree.
 
 
 8
 In United States v. Johns, 638 F.2d 222, 224 (10th Cir.1981), we held that a district court lacked jurisdiction to entertain a Rule 35 motion which was filed after the defendant's appeal was filed. See also United States v. Kerley, 838 F.2d 932 (7th Cir.1988) (District court properly dismissed defendant's Rule 35 motion on ground of lack of jurisdiction where notice of appeal had been docketed prior to date the Rule 35 motion was filed).
 
 
 9
 The appeal is dismissed.
 
 
 
 *
 The Honorable Frederick A. Daugherty, Senior Judge, United States District Court for the Northern District of Oklahoma, serving by designation
 
 
 **
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3