The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Stephen Kenneth LOYD, Defendant–Appellant.

No. 94CA0659.

Colorado Court of Appeals,
Div. IV.

Feb. 23, 1995.

Rehearing Denied March 30, 1995.

Certiorari Denied Aug. 28, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff–appellee.

Chambers, Dansky & Hansen, P.C., Nathan Chambers, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant pled guilty to sexual assault on a child and was sentenced to eight years in the Colorado Department of Corrections (DOC). He appeals his sentence, alleging errors during the sentencing hearing. We affirm.

Immediately prior to defendant's sentencing hearing, the trial court conducted an *ex parte* interview in chambers with the child victim, defendant's step-daughter. A record was made of this conversation, but neither defendant nor the prosecution was informed of the substance of the conversation. The trial court then conducted a sentencing hearing at which defendant and the prosecution presented witnesses.

## I.

■ Defendant first contends that the trial court erred in privately interviewing the victim in chambers immediately prior to the sentencing hearing. He argues that this deprived him of his right to counsel, his right to be present, and his due process right of confrontation. Although we agree that the trial court erred, under the facts of this case, it was harmless error, and thus, we need not remand for resentencing.

Defendant concedes that the alleged violations of his right to confrontation and to be present may be analyzed under a harmless error standard. However, he asserts that a denial of the right to counsel can never be analyzed under the harmless error standard because it is a structural error that affects the very framework of the trial.

Although defendant's assertion is refuted by the case law, *see Arizona v. Fulminante*, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Key v. People*, 865 P.2d 822 (Colo. 1994), the facts of this case present an issue of first impression in Colorado: whether the denial of the right to counsel at an interview between the court and the victim regarding sentencing is subject to a harmless error analysis. We conclude that, under the circumstances here, a harmless error analysis is proper.

Under the Sixth Amendment and Colo. Const. art. II, § 16, the right to counsel

exists at every critical stage of a criminal proceeding. *Key v. People, supra.* A sentencing hearing is a critical stage of a criminal proceeding. *People v. Bruebaker*, 189 Colo. 219, 539 P.2d 1277 (1975).

In *Key v. People*, the court held that a violation of the defendant's right to counsel at a scheduling conference which the trial court held with the jury during its deliberations, and therefore at a critical stage of the trial, was subject to harmless error review. The court recognized that under *Arizona v. Fulminante*, harmless error cannot be applied to a *total* deprivation of the right to counsel at trial because that is a Sixth Amendment violation that pervades an entire criminal prosecution and therefore casts serious doubt on the fairness of the trial process.

Nevertheless, the *Key* court noted a number of situations in which a harmless error analysis was performed when the defendant had been denied his right to counsel at a discrete stage of the proceedings. *See Key v. People, supra.* A harmless error analysis, however, may not be appropriate in all cases in which a defendant is denied his right to counsel at a discrete stage of the trial.

In determining whether harmless error may be applied to a violation of a defendant's constitutional rights, the court is to focus on whether the impact of the error can be quantitatively assessed on review. *Arizona v. Fulminante, supra; Key v. People, supra.*

In the matter before us, because a record was made of the *ex parte* interview between the victim and the court, we may conduct an objective analysis of the effect of the *ex parte* communication on sentencing. Furthermore, the denial of defendant's right to counsel at the *ex parte* conversation was not so pervasive as to result in serious doubt concerning the fairness of the sentencing proceedings. Accordingly, we conclude that a harmless error analysis of the denial of defendant's right to counsel, as well as the denial of his rights to be present and confront witnesses, is appropriate here.

■ Under the harmless error standard, reversal is not required if the appellate court can conclude that the error was harmless

beyond a reasonable doubt. If, on the other hand, a review of the entire record demonstrates a reasonable probability that the defendant could have been prejudiced by the error, the error cannot be harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Key v. People, supra.*

 In the case before us, the record reveals that in the *ex parte* interview with the trial court, the victim essentially repeated the substance of a letter she wrote and a conversation she had with the probation officer assigned to the case, both of which were part of the presentence report. There were only two statements that the victim made that were not also included in the presentence report: that she had to "pay" for any privileges she got such as spending the night at a friend's house; and that she was worried about the pressure defendant would put on her mother if he were not incarcerated. Both of these facts were brought out in the testimony of two witnesses who testified at the sentencing hearing and were available to the defendant for cross-examination. Furthermore, the court's remarks prior to sentencing defendant demonstrate its reliance on the information contained in the presentence report.

The *ex parte* interview of the victim may have impinged on defendant's rights to counsel, to be present, and to confront witnesses. However, under the circumstances of this case, we conclude beyond a reasonable doubt that he was not prejudiced by these deprivations, and therefore, any error was harmless.

The trial court conducted the *ex parte* interview so that the child victim would not have to confront the defendant. However well motivated the court may have been, such a procedure is improper, and the fact that we found the error here harmless does not mean we approve the court's actions.

## II.

 Defendant also argues that this matter should be remanded for resentencing because he was denied his right to be heard at the sentencing hearing. We disagree.

Prior to imposing sentence, the trial court must afford a criminal defendant the oppor-

tunity to make a statement in his own behalf. Section 16–11–102(5), C.R.S. (1986 Repl. Vol. 8A); Crim.P. 32(b); *People v. Emig*, 177 Colo. 174, 493 P.2d 368 (1972).

Here, after both sides presented their witnesses at the sentencing hearing, the trial court asked defense counsel if defendant wished to make a statement. Counsel responded, "[h]e may," but then proceeded to argument. This inquiry was sufficient to provide defendant with an opportunity to make a statement in his own behalf, and we conclude that his right of allocution was not improperly withheld.

Accordingly, the sentence is affirmed.

NEY and RULAND, JJ., concur.