## No. C-1061

### The People of the State of Colorado v. Robert V. Doyle

(565 P.2d 944)

Decided June 20, 1977.

Dale Tooley, District Attorney, Thomas P. Casey, Chief Appellate Deputy, for petitioner.

No appearance for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We granted a petition for writ of certiorari to the Superior Court of the City and County of Denver to review an order of that court in a

criminal appeal from the county court. We find that the superior court acted improperly and reverse.

The defendant was found guilty on December 12, 1974, by a Denver county court jury of careless driving and driving while under the influence of intoxicating liquor. The trial court sentenced him to the county jail. However, it failed to afford the defendant an opportunity to make a statement in his own behalf (allocution) as required by Crim. P. 32(b)(1).[1] The defendant appealed to the Denver Superior Court, alleging as his sole ground for error the trial court's failure to comply with Crim.P. 32(b)(1) and requesting *only* that the trial court's sentence be vacated.

On February 17, 1976, the Denver Superior Court, consonant with the defendant's request, entered a judgment remanding the case to the trial court with instructions to *vacate* the sentence for its failure to comply with Crim.P. 32(b)(1). On March 12, 1976, in a so-called "Addendum to Judgment," the superior court, *sua sponte*, entered an order directing the trial court to vacate the sentence and dismiss the charges against the defendant.[2]

The People filed a timely petition for modification of judgment or, alternatively, a petition for rehearing, requesting the superior court to vacate that part of the addendum which ordered the dismissal and to remand the case to the trial court for resentencing. On September 15, 1976, pursuant to C.A.R. 49 and section 16-12-102, C.R.S. 1973, the People filed a petition for a writ of certiorari.

Crim.P. 32(b)(1) gives the defendant the right of allocution to speak in mitigation of punishment before sentencing. Denial of this right has no effect on the validity of the jury's determination of guilt. The defendant's relief from a denial of this right is resentencing after being afforded his right to allocution. *Roddy v. United States*, 296 F.2d 9 (10th Cir. 1961); *United States v. Miller*, 293 F.2d 697, 699 (2d Cir. 1961).

In *People v. Emig*, 177 Colo. 174, 493 P.2d 368 (1972), the trial court had amended the defendant's sentence without notice to him and without his attorney's presence. We remanded with instructions to the trial court *to resentence* in compliance with Crim.P. 32(b)(1). *See also, Mayfield v. United States*, 504 F.2d 888 (10th Cir. 1974); *Doe v. People*, 160 Colo. 215, 416 P.2d 376 (1966); *Guerin v. Fullerton*, 154 Colo. 142, 389 P.2d 84 (1964); *People v. Sandoval*, 36 Colo. App. 403, 541 P.2d 105 (1975).

---

[1]Crim.P. 32(b)(1) states in pertinent part:
"Before imposing sentence, the court shall afford the defendant an opportunity to make a statement in his own behalf, and to present any information in mitigation of punishment."
[2]It is inexplicable why or how the superior court, after having entered a proper order, would enter the subsequent order *sua sponte*.

Accordingly, we reverse the judgment of the superior court and return the case to it with directions to remand to the trial court to reinstate the judgment of conviction and to resentence the defendant in compliance with Crim.P. 32(b)(1).

MR. JUSTICE HODGES does not participate.