**No. 79SA62**

**The People of the State of Colorado v. Calvin Renfrow**

(605 P.2d 915)

Decided January 21, 1980.                    Rehearing denied February 25, 1980.

J. D. MacFarlane, Attorney General, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for defendant-appellant.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

Appellant, Calvin Renfrow, was convicted of rape and deviate sexual intercourse by force, and was sentenced for a term of from forty to eighty years as an habitual criminal. This court affirmed his conviction in *People v. Renfrow,* 193 Colo. 131, 564 P.2d 411 (1977), but remanded for resentencing under the amended habitual criminal statute, section 16-13-101(1), C.R.S. 1973 (1976 Supp.).[1]

On remand, appellant moved to vacate his habitual criminal conviction and to correct his sentence. The district court reduced his sentence to twenty-five to fifty years, but denied his motion to vacate the habitual criminal conviction. We affirm the denial of the motion to vacate.

Section 16-13-101, C.R.S. 1973, under which appellant was found to be an habitual criminal, provides:

"Punishment for habitual criminals. (1) Every person convicted in this state of any felony who has been twice previously convicted upon charges separately brought and tried, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if

---

[1] Now section 16-13-101(1), C.R.S. 1973 (1978 Repl. Vol. 8).

committed within this state, would be a felony, shall be adjudged an habitual criminal and shall be punished by confinement in the state penitentiary for a term of not less than the longest term, nor more than three times the longest term prescribed upon the first conviction."

Appellant contends that his 1964 conviction for larceny in Oklahoma could not be used for habitual criminal purposes because at the time the information was filed in Oklahoma he was a seventeen-year-old juvenile, and because there was no proof that the felony in Oklahoma would be a felony in Colorado. We do not agree with his interpretation of the statute.

It is not disputed that appellant was convicted of a felony in Oklahoma in 1964. This court has previously held that "the *time* as well as the *place* of commission of the crime should determine its status as a felony." (Emphasis added.) *People v. Lake,* 195 Colo. 454, 580 P.2d 788 (1978). *Accord, Burns v. People,* 148 Colo. 245, 365 P.2d 698 (1952). Since the evidence presented at trial was sufficient to establish appellant's Oklahoma felony conviction, "it makes no difference that the crime is not a felony in Colorado if it is a felony where the conviction was had." *Burns v. People, supra.* As stated in *People v. Lake, supra,* the legislature has rationally determined that an individual who has previously elected to commit a felony "under the criminal standards, then present, in the society in which he is found, . . ." should be treated as an habitual offender, even though the act when committed would not have constituted a felony under Colorado law. Thus, we find no error in the court's ruling.

We do find error, however, in the district court's ruling that the resentencing mandated by *People v. Renfrow, supra,* did not necessitate a hearing at which appellant should be present. "A defendant must be notified when sentence will be pronounced, and has a right to be present in the court with legal counsel at that time. He has a right of allocution before sentence is handed down which cannot be withheld from him. Failure of the court to properly insure these rights of a defendant renders invalid a sentence pronounced under those circumstances." *People v. Emig,* 177 Colo. 174, 493 P.2d 368 (1972). *Accord, People v. Doyle,* 193 Colo. 332, 565 P.2d 944 (1977).

We affirm the ruling denying the motion to vacate the habitual criminal conviction. We remand with instructions to the district court to vacate the sentence and to resentence in accordance with the views expressed herein.