The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Richard Charles BORREGO and
Anthony Joseph Lucero,
Defendants–Appellees.

No. 87SA330.

Supreme Court of Colorado,
En Banc.

May 22, 1989.

Rehearing Denied June 19, 1989.

Donald E. Mielke, Dist. Atty., Donna Skinner Reed, Deputy Dist. Atty., Golden, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellee Richard Charles Borrego.

Kane & Harrington, Mary Kane, Denver, for defendant-appellee Anthony Joseph Lucero.

Justice ERICKSON delivered the Opinion of the Court.

The prosecution appeals three rulings of the trial court that arose during the penalty phase of a bifurcated first-degree murder trial.[1] Defendants Richard Charles Borrego and Anthony Joseph Lucero were convicted of first-degree murder, section 18-3-102, 8B C.R.S. (1986), attempted aggravated robbery, section 18-2-101, 8B C.R.S. (1986), and two counts of committing a violent crime, section 16-11-309, 8A C.R.S. (1986). We approve the trial court's rulings.

The sentencing hearing was held to determine whether Borrego and Lucero should be sentenced to life imprisonment or to death. See 16-11-103(1)(a), 8A C.R.S. (1986). The three questions of law presented for our review are: (1) whether the trial court erred in excluding evidence of the underlying facts of prior felony convictions, which convictions were admissible as aggravating factors pursuant to section 16-11-103, 8A C.R.S. (1986);[2] (2) whether the trial court erred in allowing a defendant to allocute to the jury when he was neither under oath nor subject to cross-examination; and (3) whether the trial court erred in refusing to give a complicity instruction during the penalty phase of the trial.

On June 18, 1986, two men wearing ski masks and carrying automatic weapons entered Citywide Bank and fatally shot a deputy sheriff who was working off-duty as a security guard. Borrego and Lucero were subsequently arrested and tried for the murder. After the jury found both defendants guilty as charged, the penalty phase commenced immediately. The jury returned verdicts of life imprisonment for both defendants on June 10, 1987, and the trial judge imposed life imprisonment on both Borrego and Lucero.

## I.

During the sentencing hearing, the prosecution moved to admit the underlying factual circumstances of Lucero's prior convictions. The trial court excluded the factual circumstance evidence, but allowed the prosecution to introduce evidence proving the existence of prior class one, two, or three felonies.

Section 16-11-103(1)(b), 8A C.R.S. (1986), governs the admissibility of evidence in a sentencing hearing and provides, in part:

All admissible evidence presented by either the prosecuting attorney or the defendant *that the court deems relevant to the nature of the crime,* and the character, background, and history of the defendant, including any evidence presented in the guilt phase of the trial, and any matters relating to any of the aggravating or mitigating factors enumerated in subsections (5) and (6) of this section may be presented. *Any such evidence which the court deems to have probative value may be received, as long as each party is given an opportunity to rebut such evidence.* The prosecuting attorney and the defendant or his counsel shall be permitted to present arguments for or against a sentence of death.

(Emphasis added.) Although section 16-11-103(6) provides that a previous felony conviction is an aggravating factor, there is no statutory provision expressly permitting the admission of underlying factual circumstances of prior felonies.

■ The plain language of section 16-11-103(1)(b) grants the trial judge wide discretion to determine what evidence is relevant and admissible. See *People v. Meredith,* 763 P.2d 562, 564 (Colo.1988) (if the language is clear and the intent appears with reasonable certainty, there is no need to resort to rules of statutory construction); *People v. Appelhanz,* 738 P.2d 1182, 1184 (Colo.1987) (same); *People v. District Court,* 713 P.2d 918, 921 (Colo.1986) (same). Consistent with the broad grant of

---

**1.** Section 16-12-102, 8A C.R.S. (1986), provides the jurisdictional basis for this appeal.

**2.** Section 16-11-103 has been substantially revised and applies to offenses committed on or after July 1, 1988. See ch. 114, secs. 1-6, § 16-11-103, 1988 Colo. Sess. Laws 673, 673-75. The revisions are not relevant to this case.

discretion in section 16–11–103(1)(b), we have held that a trial judge has broad discretion to determine the relevancy of evidence and that the trial court's decision to exclude evidence in a sentencing hearing will not be reversed absent an abuse of that discretion. *See People v. Schwartz,* 678 P.2d 1000, 1009 (Colo.1984); *People v. Lowe,* 660 P.2d 1261, 1264 (Colo.1983).

◼ In our view, the trial court properly allowed the prosecution to present evidence that Lucero was on parole for aggravated robbery at the time he murdered the deputy sheriff and properly prohibited the prosecution from introducing evidence of the factual circumstances surrounding the aggravated robbery. The trial court's evidentiary ruling conformed to the limitations set forth in section 16–11–103 and was not an abuse of discretion.[3]

## II.

◼ The prosecution also claims that the trial court erred in permitting Borrego to make a statement to the jury during the sentencing hearing on his own behalf.

Section 16–11–102(5), 8A C.R.S. (1986), provides in part: "After receiving the presentence report and before imposing sentence, the court shall afford the defendant the opportunity to make a statement in his own behalf." Crim.P. 32(b) also sets forth a defendant's right to allocution, stating in part: "[b]efore imposing sentence, the court shall afford the defendant an opportunity to make a statement in his own

behalf, and to present any information in mitigation of punishment."

We have consistently held that the defendant has the right to allocution before sentence is imposed and that denial of the right of allocution requires resentencing. *People v. Garcia,* 752 P.2d 570, 575–77 (Colo.1988); *People v. Doyle,* 193 Colo. 332, 333, 565 P.2d 944, 944–45 (1977); *see also Green v. United States,* 365 U.S. 301, 304, 81 S.Ct. 653, 655, 5 L.Ed.2d 670 (1960) ("[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself"). *See generally* 3 W. LaFave & J. Israel, *Criminal Procedure* § 25.1(f) (1984).

We disagree with the prosecution's argument that because section 16–11–103, 8A C.R.S. (1986), sets forth the exclusive procedures for the penalty phase of such cases, allocution should not be permitted in capital cases. Because a defendant's right to allocution is even more pronounced when facing the possibility of a death sentence, which may only be imposed by the jury, we conclude that the trial court did not err in allowing Borrego to make a statement to the jury on his own behalf during the penalty phase of the trial.

## III.

◼ The prosecution's final contention is that the trial court erred in refusing to give a complicity instruction to the jury at the conclusion of the sentencing hearing.[4] We disagree.

---

**3.** The prosecution claims that the trial court's evidentiary ruling was an abuse of discretion because of *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). The petitioner-defendant in *Gregg* objected to the wide scope of evidence and argument allowed during a presentence hearing held pursuant to Georgia law. The United States Supreme Court affirmed the trial court's evidentiary rulings stating: "[w]e think it desirable for the jury to have as much information before it as possible when it makes the sentencing decision." *Gregg,* 428 U.S. at 204, 96 S.Ct. at 2939. We disagree with the prosecution's contention that this dicta in *Gregg* requires that *all* evidence must be admitted during sentencing proceedings.

**4.** The prosecution's tendered instruction states:

You were instructed during the guilt phase that a person is guilty of an offense committed by another person if he is a complicitor. To be guilty as a complicitor, the following must be established beyond a reasonable doubt.
1. A crime must have been committed.
2. Another person must have committed all or part of the crime.
3. Defendant must have had knowledge that the other person intended to commit all or part of the crime.
4. Having this knowledge, the defendant did intentionally aid, abet, advise, or encourage the other person in the commission or planning of the crime.
At the penalty phase, the principle of complicity:

*Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), is the seminal United States Supreme Court decision addressing the constitutional rights of a co-defendant in a capital murder case to be considered as an individual before receiving a sentence of death. In *Enmund,* two defendants entered a farmhouse and murdered and robbed two elderly people while Enmund remained in the getaway automobile. In reversing Enmund's sentence of death as an accomplice to first-degree murder, the Court stated that:

> The focus must be on *his* [Enmund's] culpability, not

> > on that of those who committed the robbery and shot the victims, for we insist on "individualized consideration as a constitutional requirement in imposing the death sentence," *Lockett v. Ohio,* 438 U.S. 586, 605 [98 S.Ct. 2954, 2965, 57 L.Ed.2d 973] (1978) (footnote omitted), which means that we must focus on "relevant facets of the character and record of the individual offender." *Woodson v. North Carolina,* 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944] (1976).

*Enmund,* 458 U.S. at 798, 102 S.Ct. at 3377; *see also Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987) (upholding *Enmund* ). It is therefore impermissible under the eighth amendment to treat in the same manner two defendants facing a sentence of death so that the jury could attribute to one the culpability of the other. U.S. Const. amend. 8; *Enmund,* 458 U.S. at 798, 102 S.Ct. at 3377. Since complicity is a theory that necessitates holding one person legally accountable for the behavior of another, *see* section 18–1–603, 8B C.R.S. (1986), a defendant's constitutional rights are violated if the jury in a capital offense sentencing hearing is given a complicity instruction.

(A) Applies to Richard Charles Borrego if you determine that Richard Charles Borrego entered City Wide Bank on June 18, 1986 and was one of the two men who shot William Truesdale.
(B) Applies to Anthony Joseph Lucero if you determine that Anthony Joseph Lucero entered City Wide Bank on June 18, 1986 and was one of the two men who shot William Truesdale.

Here, the trial court did not err in refusing to tender the prosecution's complicity instruction at the sentencing hearing. Accordingly, we approve the judgment and sentence imposed by the trial court.

If you determine that either Richard Charles Borrego or Anthony Joseph Lucero, or both Richard Charles Borrego and Anthony Joseph Lucero, acted as complicitors as herein defined, you may give that determination such weight as you feel it deserves in establishing aggravating or mitigating factors.