The **PEOPLE** of the State of Colorado, Plaintiff–Appellant,

v.

**Ricky Dean SAATHOFF,**
Defendant–Appellee.

No. 88SA244.

Supreme Court of Colorado,
En Banc.

April 16, 1990.

Rehearing Denied May 14, 1990.

---

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, and Michael J. Milne, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, State Public Defender, and Thomas S. Van Cleave, III and Douglas D. Barnes, Deputy State Public Defenders, Denver, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

The prosecution appeals from two rulings of the district court on questions of law pursuant to section 16–12–102(1), 8A C.R.S. (1986). In the first, the court did not permit the prosecution to introduce evidence of the defendant's prior felony convictions during the sentencing phase for a class 1 felony, § 16–11–103, 8A C.R.S. (1986). The trial judge also refused to hold a habitual criminal sentencing hearing. We disapprove both rulings.

## I.

The defendant Ricky Dean Saathoff was charged with first degree murder after deliberation, § 18–3–102(1)(a), 8B C.R.S. (1986), first degree felony murder, § 18–3–102(1)(b), 8B C.R.S. (1986), and first degree sexual assault, § 18–3–402, 8B C.R.S. (1986). The jury convicted the defendant on all three charges. The prosecution announced that it intended to introduce evidence of the defendant's three prior felony convictions during the death penalty phase.[1] The capital sentencing statute in effect at the time the charged offenses

were committed, January 18, 1987, was section 16–11–103, 8A C.R.S. (1986),[2] which provided in part:

**16–11–103. Imposition of sentence in class 1 felonies—appellate review.**

(1)(a) Upon conviction of guilt of a defendant of a class 1 felony, the trial court shall conduct a separate sentencing hearing to determine whether the defendant should be sentenced to death or life imprisonment....

(b) All admissible evidence presented by either the prosecuting attorney or the defendant that the court deems relevant to the nature of the crime, and the character, background, and history of the defendant, including any evidence presented in the guilt phase of the trial, and any matters relating to any of the aggravating or mitigating factors enumerated in subsections (5) and (6) of this section may be presented. Any such evidence which the court deems to have probative value may be received, as long as each party is given an opportunity to rebut such evidence.

. . . .

(d) The burden of proof as to the aggravating factors enumerated in subsection (6) of this section shall be beyond a reasonable doubt. There shall be no burden of proof as to proving or disproving mitigating factors.

. . . .

(5) For purposes of this section, mitigating factors shall be the following factors:

. . . .

(g) The absence of any significant prior conviction; or

. . . .

(*l*) Any other evidence which in the court's opinion bears on the question of mitigation.

. . . .

(6) For purposes of this section, aggravating factors shall be the following factors:

---

1. The prior felony convictions were for second degree sexual assault, second degree burglary, and felony theft.

2. Section 16–11–103 was subsequently amended in 1988. *See People v. Tenneson,* 788 P.2d 786, 789 n. 2 (Colo.1990). We believe, however, that the result we reach in this case would be the same under the current statute.

(a) The class 1 felony was committed by a person under sentence of imprisonment for a class 1, 2, or 3 felony as defined by Colorado law or United States law, or for a crime committed against another state or the United States which would constitute a class 1, 2, or 3 felony as defined by Colorado law; or

(b) The defendant was previously convicted in this state of a class 1 or 2 felony involving violence as specified in section 16–11–309, or was previously convicted by another state or the United States of an offense which would constitute a class 1 or 2 felony involving violence as defined by Colorado law in section 16–11–309 . . . .[3]

The prosecution argued that the defendant's felony record was admissible under section 16–11–103(1)(b) because it was relevant to the defendant's "character, background, and history . . . ." The district court concluded, however, that because none of the three felonies were statutory aggravating factors under subsection 16–11–103(6)(b), they were inadmissible during the sentencing phase, unless the defendant somehow "opened the door."

Because the defendant did not "open the door" by introducing evidence of the absence of a prior criminal history, the prosecution did not bring out the defendant's prior convictions. The jury found that two statutory aggravating factors existed, but also concluded that the prosecution did not prove beyond a reasonable doubt that the aggravating factors outweighed the mitigating factors. *See* § 16–11–103(2). The prosecution has not asserted error in the instructions given to the jury. *Cf. Tenneson,* 788 P.2d at 795–96. The defendant was then sentenced to life imprisonment. § 16–11–103(2)(b)(II). This appeal does not place the defendant in jeopardy of the death penalty. *People v. Tenneson,* 788 P.2d 786, 788 n. 1 (Colo.1990). *See Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

## II.

■ The district court refused to allow evidence of the defendant's prior felony convictions because none of the felonies the prosecution sought to admit were statutory aggravators under subsection 16–11–103(6)(b). We conclude, however, that these felony convictions were relevant and admissible to prove the *non-existence* of a statutory mitigating factor—the absence of any significant prior conviction, § 16–11–103(5)(g).

It is well-settled that there is no *constitutional* barrier to the admission of a defendant's prior felony convictions during a capital sentencing proceeding. *Barclay v. Florida,* 463 U.S. 939, 956, 103 S.Ct. 3418, 3428, 77 L.Ed.2d 1134 (1983); *Zant v. Stephens,* 462 U.S. 862, 887–88, 103 S.Ct. 2733, 2748–49, 77 L.Ed.2d 235 (1983). The question therefore is whether state law bars their introduction. We hold that it does not.

Nothing in the statute prohibits the prosecution from introducing evidence of the non-existence of a statutory mitigator. The statute itself places no burden on either side to prove or disprove statutory mitigators. § 16–11–103(1)(d). Presumably, the jury could conclude that a statutory mitigator existed merely because no evidence of its non-existence was adduced. In the absence of any evidence that the defendant had a prior criminal record, there is the risk that the jury might conclude, incorrectly, that the defendant had no significant criminal history. We believe that such a result would be inconsistent with the heightened need for sentencing reliability in capital cases. *Tenneson,* 788 P.2d at 791–92.

Our capital sentencing statute is based in some respects on the Florida death penalty statute. *Id.* at 793 n. 10. In *Barclay v. Florida,* 463 U.S. at 956, 970, 103 S.Ct. at 3428, 3435–36, six members of the Court recognized that, under the Florida statute, the prosecution was properly allowed to introduce evidence of a defendant's prior criminal record "to prove that the statutory

**3.** Precisely how the jury is to weigh and consider the statutory aggravating factors and mitigat-

ing factors found is explained in *People v. Tenneson,* 788 P.2d 786 (Colo.1990).

mitigating circumstance of absence of a criminal record did not exist." *Id.* at 956, 103 S.Ct. at 3428. The convictions were admissible even though the defendant's prior convictions were not statutory aggravating factors. *Id.; see also Booker v. State,* 397 So.2d 910, 918 (Fla.), *cert. denied,* 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981) (prosecutor properly allowed to cross-examine defendant during capital sentencing proceeding about prior criminal record to negate mitigating circumstance). We conclude that the district court erred in ruling that the defendant's prior criminal record was inadmissible because of subsection 16–11–103(6)(b).[4]

### III.

The district court also ruled that it would not hold a habitual criminal sentencing hearing, §§ 16–13–101 to –103, 8A C.R.S. (1986), if the defendant was convicted of all three offenses. The court apparently believed that it was foreclosed from entering judgments of convictions and sentences for first degree felony murder, first degree murder after deliberation, and first degree sexual assault (the predicate felony for the felony murder charge).

■ Under the rule of lenity, the court may not enter judgments of conviction for both murder after deliberation and the felony murder of a single victim. *People v. Bartowsheski,* 661 P.2d 235, 246 (Colo. 1983); *People v. Lowe,* 660 P.2d 1261, 1269 (Colo.1983). However, with a jury verdict such as was returned in this case, the district court should enter judgments of conviction and sentences for a felony (other than first degree murder), and first degree murder after deliberation, even if there is only one victim so long as the felony is not a lesser-included offense of the murder charge. *Bartowsheski,* 661 P.2d at 247. Under these circumstances, first degree sexual assault was not a lesser-included offense of murder after deliberation. *Id.*

■ Since the jury found the defendant guilty of both murder after deliberation and sexual assault, as well as felony murder, the court should have entered judgments of conviction against the defendant on the sexual assault and murder after deliberation counts. *Id.* There was thus a felony conviction, in addition to the one for first degree murder, upon which the habitual criminal counts could attach. § 16–13–101(2). The fact that the defendant received a life sentence for murder after deliberation did not render the habitual criminal counts superfluous. The defendant's murder conviction might, for example, be set aside on direct or collateral review. The court should have held the habitual criminal sentencing proceeding.

### IV.

Accordingly, we disapprove the rulings of the district court prohibiting the prosecution from introducing evidence of the defendant's prior felony convictions during the capital sentencing phase of the trial, and refusing to hold the habitual criminal sentencing hearing.

Chief Justice QUINN dissents, and Justice LOHR and Justice KIRSHBAUM, join in the dissent.

Chief Justice QUINN dissenting in part.

The majority reasons that "[n]othing in the statute prohibits the prosecution from introducing evidence of the non-existence of a statutory mitigator" in its case-in-chief during the penalty phase of a capital case, and that unless the prosecution is permitted to do so, "there is the risk that the jury might conclude, incorrectly, that the defendant had no significant criminal history." Op. at 806–807. The majority's decision, in my view, lacks support in either the structure or text of the capital sentencing

---

4. Nothing in this opinion prevents a trial court in its sound discretion from excluding evidence of a defendant's prior criminal record, or the details of prior offenses, in a capital sentencing hearing under either section 16–11–103(1)(b) or CRE 403. *See People v. Borrego,* 774 P.2d 854, 855–56 (Colo.1989). The district court in this case did not exercise such discretion because it concluded that section 16–11–103(6)(b) did not permit the introduction of the prior convictions during the prosecution's case-in-chief.

statute and, more importantly, jeopardizes the basic fairness of a capital sentencing hearing. I therefore dissent from Part II of the court's opinion.

## I.

Under Colorado's capital sentencing statutory scheme, once a defendant is found guilty of a capital offense, a separate trial is conducted to determine whether the defendant should be sentenced to life imprisonment or death. A review of the statutory scheme for the capital sentencing hearing shows that the General Assembly intended the penalty phase of a capital case to be conducted in a sequential fashion similar to a trial on the issue of guilt, with the prosecution first presenting evidence of statutory aggravating factors and then the defendant being provided the opportunity to present evidence of mitigating factors.

The statute imposes upon the prosecution the burden of proving at least one statutory aggravating factor beyond a reasonable doubt. § 16–11–103(1)(d), 8A C.R.S. (1986). Included in the list of statutory aggravators are the following factors dealing with prior convictions: (1) a class 1 felony committed by a person under sentence of imprisonment for a class 1, 2, or 3 felony; or (2) a prior conviction in Colorado, or in another jurisdiction, of a class 1 or class 2 felony which constituted or would qualify as crime of violence defined by section 16–11–309, 8A C.R.S. (1986). Both the prosecution and the defense conclude that these statutory aggravators are not involved in this case.

The statutory scheme also contains a list of mitigating factors and states in section 16–11–103(1)(d) that "[t]here shall be no burden of proof as to proving or disproving mitigating factors." The list of mitigating factors, as set forth in section 16–11–103(5), is as follows:

(a) The age of the defendant at the time of the crime; or

(b) His capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution; or

(c) He was under unusual and substantial duress, although not such duress as to constitute a defense to prosecution; or

(d) He was a principal in the offense which was committed by another, but his participation was relatively minor, although not so minor as to constitute a defense to prosecution; or

(e) He could not reasonably have foreseen that his conduct in the course of the commission of the offense for which he was convicted would cause, or would create a grave risk of causing, death to another person; or

(f) The emotional state of the defendant at the time the crime was committed; or

(g) The absence of any significant prior conviction; or

(h) The extent of the defendant's cooperation with law enforcement officers or agencies and with the office of the prosecuting district attorney; or

(i) The influence of drugs or alcohol; or

(j) The good faith, although mistaken, belief by the defendant that circumstances existed which constituted a moral justification for the defendant's conduct; or

(k) The defendant is not a continuing threat to society; or

(*l*) Any other evidence which in the court's opinion bears on the question of mitigation.

The jury is required to return a verdict of either death or life imprisonment based upon a consideration of the respective aggravating factors and mitigating factors that have been placed in evidence. Section 16–11–103(2) states, in this respect, as follows:

(a) After hearing all the evidence and arguments of the prosecuting attorney and the defendant, the jury shall deliberate and render a verdict based upon the following considerations:

(I) Whether at least one aggravating factor has been proved as enumerated in subsection (6) of this section;

(II) Whether sufficient mitigating factors exist which outweigh any ag-

gravating factor or factors found to exist; and

(III) Based on the considerations in subparagraphs (I) and (II) of this paragraph (a), whether the defendant should be sentenced to death or life imprisonment.

(b) (I) In the event that no aggravating factors are found to exist as enumerated in subsection (6) of this section, the jury shall render a verdict of life imprisonment, and the court shall sentence the defendant to life imprisonment.

(II) The jury shall not render a verdict of death unless it finds and specifies in writing that (A) at least one aggravating factor has been proven; (B) there are insufficient mitigating factors to outweigh the aggravating factor or factors that were proved.[1]

The structure and text of the capital sentencing scheme clearly demonstrate that the prosecution has the initial burden of going forward and proving the existence of a statutory aggravating factor beyond a reasonable doubt; that the defendant may then present evidence of a statutory mitigating factor or, pursuant to subsection 16–11–103(5)(*l*), may present "[a]ny other evidence which in the court's opinion bears on the question of mitigation"; and that only those statutory aggravating factors which the prosecution has proven and only those mitigating factors which have been placed in evidence shall be submitted to the jury for its consideration in determining the appropriate penalty. Thus, as pertinent to the issue raised here, the statutory penalty scheme contemplates that the defendant must present affirmative evidence of "[the] absence of any significant prior conviction" before such factor will be placed in issue. Without such affirmative evidence there would be no basis either in fact or in law to submit this statutory mitigating factor to the jury for its consideration.

## II.

I acknowledge that section 16–11–103(1)(b) vests the trial court with considerable discretion in determining the relevancy of the evidence submitted by either the prosecution or the defense on the issue of penalty. That section states as follows:

All admissible evidence presented by either the prosecuting attorney or the defendant that the court deems relevant to the nature of the crime, and the character, background, and history of the defendant, including any evidence presented in the guilt phase of the trial, and any matters relating to any of the aggravating or mitigating factors enumerated in subsections (5) and (6) of this section may be presented. Any such evidence which the court deems to have probative value may be received, as long as each party is given an opportunity to rebut such evidence.

Section 16–11–103(1)(b) should be construed in a manner that harmonizes it with the entire statutory scheme and effectuates a just and reasonable result. § 2–4–201, 1B C.R.S. (1980). I would thus construe section 16–11–103(1)(b) to authorize the trial court to admit evidence concerning "the character, background, and history of the defendant" but only insofar as such evidence is relevant to any of the statutory aggravating factors presented by the prosecution or to any of the mitigating factors placed in evidence by the defendant.

A construction of section 16–11–103(1)(b) that permits the prosecution to establish in the initial phase of the penalty trial that the defendant sustained prior felony convictions in order to thereby controvert a mitigating factor that has not yet been placed in issue, and may never be placed in issue, skews the entire statutory scheme. Such construction results in exposing the jury to evidence which, in the final analysis, may be totally irrelevant to any of the aggravating or mitigating factors submitted to the jury for consideration on the

---

**1.** We recently held in *People v. Tenneson*, 788 P.2d 786 (Colo.1990), that before a defendant may be sentenced to death the prosecution must satisfy the jury beyond a reasonable doubt that the mitigating factors do not outweigh the proven statutory aggravating factors.

issue of penalty.[2] Of course, if a defendant presents affirmative evidence that he has no significant prior conviction, the court may permit the prosecution to present evidence in contravention of such mitigating factor either in the course of cross-examination of the defendant or during the rebuttal phase of the penalty trial.

### III.

In this case, the majority holds that the trial court erred in prohibiting the prosecution from presenting evidence of the defendant's prior felony convictions in the initial phase of the penalty trial for the purpose of disproving "[t]he absence of any significant prior conviction." The majority's holding thus allows the prosecution to expose to the jury the defendant's prior felony convictions, with all their attendant prejudice, *e.g., People v. Lucero*, 200 Colo. 335, 342–45, 615 P.2d 660, 665–66 (1980); *Stull v. People*, 140 Colo. 278, 284, 344 P.2d 455, 458 (1959), even though the defendant has not yet placed in issue any mitigating factor to which the defendant's prior criminal record might relate. To construe Colorado's capital sentencing scheme in this manner creates the risk that the jury will sentence the defendant to death, not because it is convinced beyond a reasonable doubt that a statutory aggravating factor exists or that the mitigating factors do not outweigh the proven statutory aggravating factors, but because it believes that the defendant's prior criminal record, even though not constituting a statutory aggravating factor, would render any sentence less than death a moral injustice. Such a construction, in my view, will inevitably result in a trial that is the antithesis of a fundamentally fair proceeding on the issue of life imprisonment or death.

I would approve the ruling of the trial court prohibiting the prosecution from offering evidence of the defendant's prior felony convictions, none of which constitut-ed a statutory aggravating factor, in the prosecution's case-in-chief during the penalty trial.

I am authorized to say that Justice LOHR and Justice KIRSHBAUM join in this dissent.

---

2. To the extent that section 16–11–103(1)(b) might be viewed as ambiguous with respect to the scope of the court's discretion in admitting evidence concerning the "character, background, and history of the defendant" during the prosecution's case in chief, the rule of lenity requires a construction in favor of the defendant. *E.g., S.G.W. v. People*, 752 P.2d 86, 88 (1988); *Bell v. United States*, 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955); *People v. Chavis*, 659 P.2d 1381, 1384 (Colo.1983).