The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Warren B. NELSON, Defendant–Appellant.

No. 98CA1799.

Colorado Court of Appeals, Div. V.

April 13, 2000.

Certiorari Denied Oct. 10, 2000.

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Warren B. Nelson, appeals the trial court's order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm, but remand for correction of the mittimus.

Pursuant to a plea agreement, defendant pleaded guilty to theft, a class four felony, and the prosecution agreed to dismiss the

remaining charges, as well as charges pending against him in another case. In addition, the parties stipulated that defendant would be sentenced to three years in either a community corrections facility or the Department of Corrections (DOC).

The community corrections facility rejected defendant. When he learned at the sentencing hearing that he would be sentenced to the custody of the DOC, he moved to withdraw his plea, asserting he had not been advised that he would be required to serve a mandatory three-year period of parole in addition to his prison sentence. The trial court denied the motion, concluding that defendant was adequately advised regarding the parole consequences of his plea. The court then sentenced defendant to three years in the custody of the DOC. The court did not indicate on the mittimus that defendant would also be required to serve a mandatory three-year period of parole pursuant to § 18–1–105(1)(a)(V)(A), C.R.S.1999.

## I.

On appeal, defendant does not challenge the trial court's determination that he was advised of the mandatory parole period before entering his guilty plea. Instead, he claims that because the trial court did not mention the parole period when it imposed sentence, and did not reflect the parole period on the mittimus, the imposition of the mandatory parole period violated the separation of powers doctrine and his right to be present at sentencing. We disagree.

■ Initially, we note that, because defendant failed to give the trial court the opportunity to rule on his motion based on the grounds he now asserts, we need not consider his new claim on appeal. *See People v. Lesney*, 855 P.2d 1364 (Colo.1993); *People v. Goldman*, 923 P.2d 374 (Colo.App.1996). However, because defendant's claims raise questions concerning his fundamental rights, we elect to address them on the merits. *See Mulkey v. Sullivan*, 753 P.2d 1226 (Colo. 1988); *Armstrong v. People*, 701 P.2d 17 (Colo.1985).

## A.

■ A division of this court has rejected the claim that the imposition of a mandatory parole term after the trial court's initial imposition of a prison sentence violates the separation of powers doctrine. *See People v. Barth*, 981 P.2d 1102 (Colo.App.1999); *see also Craig v. People*, 986 P.2d 951, 959 (Colo. 1999) (mandatory parole is a statutorily prescribed sentence component that "attaches automatically to any sentence involving imprisonment").

We find the reasoning of *Barth* to be persuasive and conclude that it is dispositive of defendant's separation of powers claim.

## B.

■ We also reject defendant's claim that the imposition of the mandatory parole period in his absence violates his right to be present at sentencing.

A defendant has the right to be present when sentence is imposed. *See* Crim. P. 43(a); *People v. Emig*, 177 Colo. 174, 493 P.2d 368 (1972); *see also People v. Garcia*, 752 P.2d 570 (Colo.1988) (recognizing defendant's right to be present and speak at sentencing).

■ Further, when the court imposes a new sentence to take the place of an original illegal sentence, the same requirements apply, and the court must provide the defendant with notice and an opportunity to be heard. *People v. Emig, supra* (right to be present applies when the court removes an illegal term from the sentence so that, as modified, the sentence conforms with the law); *see also People v. Renfrow*, 199 Colo. 101, 605 P.2d 915 (1980) (defendant entitled to be present when the sentence is modified by reducing it); *but see Luu v. People*, 841 P.2d 271 (Colo.1992) (due process only requires that a defendant be present to the extent that a fair and just hearing would be thwarted by his absence).

■ Here, defendant was present at the sentencing hearing, but the mandatory period of parole was not pronounced as a component of the sentence. The original mittimus did not specify the mandatory period of

parole. However, where a sentence and mittimus do not include the appropriate mandatory parole period, the mittimus may be corrected to include the period of mandatory parole. *Craig v. People,* supra.

Because the mandatory parole period is a statutorily required part of any sentence to imprisonment that may not be waived or suspended by a sentencing court and may be imposed on a remand, *see Craig v. People,* *supra,* and because a fair and just result is not thwarted by his absence, we conclude that the mittimus may be corrected in the defendant's absence without running afoul of his right to be present at sentencing.

The order is affirmed. However, because the trial court did not indicate on the mittimus that defendant's sentence includes a mandatory three-year period of parole, we remand the cause to the trial court with directions to issue an amended mittimus reflecting the required parole period. *See Craig v. People, supra.*

Judge ROTHENBERG and Judge KAPELKE concur.