23CA1687 Peo v Moore-Vivour 10-17-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1687
Arapahoe County District Court No. 09CR810
Honorable David N. Karpel, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

David Moore-Vivour,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE TOW
Pawar and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

---

Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Brownstone P.A., George Thomas, Winter Park, Florida, for Defendant-Appellant

¶ 1    Defendant, David Moore-Vivour, appeals the district court's order denying his Crim. P. 35 postconviction motion. We affirm.

I.    Background

¶ 2    In November 2009, a jury found Moore-Vivour guilty of two felonies — attempted second degree murder and first degree assault — and four misdemeanors — two counts of third degree assault, criminal mischief, and obstructing telephone service. In January 2010, the court sentenced him to a total of thirty years in the custody of the Department of Corrections (DOC). Specifically, the court imposed concurrent twenty-five-year sentences on the felonies, two-year jail sentences on the two misdemeanor assault charges to be served concurrent with each other but consecutive to the felony sentences, and eighteen-month sentences on the remaining misdemeanors, consecutive to each other and to all other sentences. The original mittimus provided that the jail sentences would be served in the DOC.

¶ 3    A month later, on its own motion, the court amended Moore-Vivour's sentence such that the aggregate five-year jail sentence for the misdemeanor offenses were to be served in jail, to be followed by the concurrent twenty-five-year felony sentences in the custody of

1

the DOC. The amendment did not increase the total number of years of the sentence; it only changed the location where Moore-Vivour would serve the misdemeanor sentences. On appeal, a division of this court affirmed Moore-Vivour's convictions. *People v. Moore-Vivour*, (Colo. App. No. 10CA0466, Apr. 11, 2013) (not published pursuant to C.A.R. 35(f)). Moore-Vivour did not raise any issues related to the amended mittimus in his direct appeal.

¶ 4     In March 2016, Moore-Vivour filed a Crim. P. 35(c) motion for relief alleging ineffective assistance of counsel. After an evidentiary hearing, the district court denied this motion, and a division of this court affirmed that decision. *People v. Moore-Vivour*, (Colo. App. No. 19CA0857, Aug. 19, 2021) (not published pursuant to C.A.R. 35(e)). Later, Moore-Vivour filed a Crim. P. 35(a) motion asserting that the five-year sentence for his misdemeanor charges was illegal under section 18-1.3-501(1)(c.5), C.R.S. 2024. The district court summarily denied Moore-Vivour's request for relief. Moore-Vivour did not appeal that ruling.

¶ 5     After discovering that his presentencing confinement credit (PSCC) was only being applied to one felony count, Moore-Vivour filed a motion to amend his mittimus to accurately reflect the

2

application of his PSCC to both felony charges. In February 2023, the district court granted this motion and amended the mittimus to correctly apply the PSCC to both felony counts.

¶ 6 After the court revised his mittimus, Moore-Vivour filed a pro se Crim. P. 35(a) motion, and then subsequently filed an amended motion through counsel. In the amended motion, Moore-Vivour identified two issues. First, he contended that the district court violated his constitutional right to be present when it amended his mittimus in 2023, without giving him the opportunity to be present. Second, Moore-Vivour re-asserted his contention that his combined sentence of five years for his misdemeanor crimes was illegal under section 18-1.3-501(1)(c.5). The district court denied both claims.

¶ 7 This appeal followed.

## II. Right to Be Present

¶ 8 Moore-Vivour claims his constitutional right to be present at all critical stages of the criminal proceeding was violated when the district court amended his mittimus. We disagree.

## A. Standard of Review

¶ 9 As a threshold matter, we note that though Moore-Vivour styles this claim as falling under Crim. P. 35(a) — and the district

court analyzed it as such — the argument raises a constitutional claim and thus is more properly cognizable under Crim. P. 35(c).

¶ 10    The substance of a postconviction motion controls its designation as a Crim. P. 35(a) or 35(c) matter. *People v. Collier,* 151 P.3d 668, 670 (Colo. App. 2006).

¶ 11    "Motions under Crim. P. 35(c) are the proper postconviction route in which to challenge convictions or sentences as unconstitutional." *Id.* We review de novo a postconviction Crim P. 35(c) motion. *People v. Taylor,* 2018 COA 175, ¶ 8.

## B.   Analysis

¶ 12    Moore-Vivour claims his constitutional right to be present was violated on two occasions. The first alleged violation took place in February 2010, when the district court amended Moore-Vivour's mittimus to reflect a five-year jail sentence for his misdemeanor offenses with the remainder to be served — consecutive to the jail sentence — in the custody of the DOC. The second alleged violation took place in February 2023, when the district court amended Moore-Vivour's mittimus to accurately reflect the application of his PSCC to both felony counts.

¶ 13 To the extent that Moore-Vivour contends that the amendment of his mittimus in February 2010 was a violation of his constitutional rights, this claim is both untimely and successive. It is untimely because it was filed well outside of the time permitted for postconviction challenges of misdemeanor convictions and sentences. § 16-5-402(1), C.R.S. 2024. It is successive because neither Moore-Vivour's direct appeal nor his previously filed Crim. P. 35(c) claim included this challenge. *Taylor*, ¶ 17 (holding that Crim. P. 35(c)(3)(VII) bars postconviction claims that could have been presented in a previous proceeding).

¶ 14 We therefore only address Moore-Vivour's argument that the district court's amendment of his mittimus in February 2023 was a violation of his constitutional rights.

### 1. Applicable Law

¶ 15 A defendant has the right to be present at all critical phases of a criminal proceeding. *People v. Garcia*, 251 P.3d 1152, 1156 (Colo. App. 2010). This right is guaranteed by due process "if the fundamental fairness of the proceeding would be undermined by the defendant's absence." *People v. Isom*, 140 P.3d 100, 104 (Colo. App. 2005), *aff'd*, 2017 CO 110. Therefore, for due process

5

purposes, a defendant's presence is unnecessary if it "would be useless or only slightly beneficial." *People v. Gallegos*, 226 P.3d 1112, 1120 (Colo. App. 2009).

¶ 16     An order that requires the resentencing of a defendant triggers their constitutional right to be present because "[a] sentencing hearing is a critical stage of a criminal proceeding." *People v. Fritts*, 2014 COA 103, ¶ 9 (quoting *People v. Munsey*, 232 P.3d 113, 125 (Colo. App. 2009)).

## 2.     Application

¶ 17     Moore-Vivour contends the 2023 mittimus amendment was a critical stage in the criminal proceeding because it amounted to a resentencing. *Cf. Fritts*, ¶ 9 (noting that an order that would result in the defendant having to be resentenced would trigger the entitlement to counsel because sentencing is a critical stage).

¶ 18     The crux of Moore-Vivour's argument rests on the holdings of two cases. In both cases, the court imposed new sentences that impacted the amount of time defendants would be incarcerated and did so without affording the defendant notice or the opportunity to be present. *See People v. Emig*, 493 P.2d 368, 369 (Colo. 1972) (finding a violation of constitutional rights occurred where the trial

court amended defendant's sentence to state that his jail sentence would be served upon release from prison); *People v. Renfrow*, 605 P.2d 915, 916 (Colo. 1980) (finding a violation of a defendant's constitutional rights when the sentence was reduced in his absence).

¶ 19     But Moore-Vivour's argument misunderstands the fundamental difference between an amendment of a mittimus to reflect presentence confinement and a resentencing.  The trial court is required to note the correct presentence confinement credit on the mittimus.  *People v. Ostuni*, 58 P.3d 531, 533 (Colo. 2002); *see also Beecroft v. People*, 874 P.2d 1041, 1045 n.12 (Colo. 1994) ("When a defendant is sentenced to the DOC, the court does not have discretion to grant or deny confinement credit; the sentencing court must simply note if the defendant is entitled to confinement credit and if he is, note the amount of the credit.").  Thus, amending the mittimus to accurately reflect the correct presentence confinement does not *alter* the sentence but, rather, merely correctly restates it.

¶ 20     "[A] mittimus may be corrected in the defendant's absence without running afoul of his right to be present at sentencing."

*People v. Nelson,* 9 P.3d 1177, 1178-79 (Colo. App. 2000).  Thus, Moore-Vivour's argument fails.[1]

### III.  Maximum Aggregate Jail Time

#### A.  Standard of Review

¶ 21  Pursuant to Crim. P. 35(a), the court may correct an illegal sentence at any time.  *People v. Rockwell,* 125 P.3d 410, 414 (Colo. 2005).  "[A]n illegal sentence is one that is inconsistent with the terms specified by statutes." *People v. Green,* 36 P.3d 125, 126 (Colo. App. 2001).  "The legality of a sentence is a question of law that we review de novo." *People v. Bassford,* 2014 COA 15, ¶ 20.

#### B.  Analysis

¶ 22  Moore-Vivour claims that, under section 18-1.3-501(1)(c.5), the "stacking" of his misdemeanor charges to create a combined sentence of five years is illegal.  We disagree.

---

[1] Moore-Vivour contends, for the first time, in his reply brief that the court violated Crim. P. 43 when it amended the mittimus without him present.  Because it was first raised in his reply, this argument is not properly before us, and we decline to address it. *See People v. Cline,* 2022 COA 135, ¶ 75 n.3.

## 1. Applicable Law

¶ 23    The "primary purpose [of statutory interpretation] is to ascertain and give effect to the General Assembly's intent." *Pineda-Liberato v. People*, 2017 CO 95, ¶ 22. "Constructions that defeat the obvious legislative intent should be avoided . . . ." *People v. Frazier*, 77 P.3d 838, 839 (Colo. App. 2003), *aff'd*, 90 P.3d 807 (Colo. 2004). To begin, we evaluate the statute's plain meaning and consider it within the context of the statute as a whole. *Lewis v. Taylor*, 2016 CO 48, ¶ 20.

## 2. Application

¶ 24    Section 18-1.3-501(1)(c.5) provides, "[t]he maximum consecutive sentence to the county jail for misdemeanor crimes charged in a single case is twenty-four months." In 2010, the district court sentenced Moore-Vivour to serve a combined total of five years for four misdemeanor convictions. Moore-Vivour contends that under the current iteration of the law his sentence is three years longer than what is statutorily allowed. He correctly reads the current iteration of the statute but fails to recognize that his sentence is not governed by that language.

¶ 25    The General Assembly enacted subsection (c.5) in 2021. Ch. 462, sec. 186, § 18-1.3-501(1)(c.5), 2021 Colo. Sess. Laws 3170. In doing so, the legislature explicitly provided that it "applies to offenses committed on or after the applicable effective date of this act," which was March 1, 2022. Sec. 803, 2021 Colo. Sess. Laws at 3332. "[When] the General Assembly indicates in an effective date clause that a statute shall apply prospectively, courts are bound by that language." *People v. Summers*, 208 P.3d 251, 257 (Colo. 2009). Because Moore-Vivour committed his offenses before the effective date of the twenty-four-month cap on jail sentences, the cap does not apply to his sentence. Consequently, his sentence is not illegal.

## IV.    Disposition

¶ 26    The order is affirmed.

JUDGE PAWAR and JUDGE SCHUTZ concur.