43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Howard GILBREATH, Defendant-Appellee.
 No. 94-5066.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Thomas Gilbreath appeals the restitution order imposed upon him pursuant to 18 U.S.C. 3664(a). Mr. Gilbreath also challenges the validity of a nunc pro tunc order issued by the district court to correct a sentencing error. We affirm the district court's imposition of restitution but hold that the court did not have jurisdiction to issue the nunc pro tunc order.
 
 
 3
 Mr. Gilbreath pled guilty to conspiracy and two counts of wire fraud in 1991. The district court, acting pursuant to the federal sentencing guidelines, sentenced him to seventy-one months imprisonment and three years supervised release and ordered him to pay $35,033.08 in restitution. We subsequently affirmed his conviction and part of his sentence but vacated the restitution order and the order requiring him to pay the costs of imprisonment and supervised release, remanding "for further proceedings to clarify the state of Mr. Gilbreath's finances." United States v. Gilbreath, 9 F.3d 85, 87 (10th Cir.1993).
 
 
 4
 Following a hearing on remand, the district court adopted its prior findings and conclusions regarding the seventy-one month sentence and supervised release and reduced the amount of restitution to $27,090.51. The court made the reduction because of the death of one of the restitution recipients and the inability to locate another. In addition, the court held that Mr. Gilbreath should not be responsible for the costs of his imprisonment or supervised release.
 
 
 5
 The district court entered its revised judgment on March 1, and Mr. Gilbreath filed this appeal March 8. The court entered a nunc pro tunc order on April 6, modifying the terms of imprisonment for the individual counts but maintaining the total sentence of seventy-one months.
 
 
 6
 Mr. Gilbreath challenges the revised restitution order. We review the factual findings underlying a restitution order under a clearly erroneous standard and the amount of the restitution for abuse of discretion. United States v. Williams, 996 F.2d 231, 232-33 (10th Cir.1993). A district court does not abuse its discretion if the defendant either has the assets available to pay the restitution or has sufficient " 'earning potential' ... to create an objectively reasonable possibility that the restitution can be paid." Id. at 233.
 
 
 7
 The district court based its restitution order both on Mr. Gilbreath's earning potential and on his current ability to pay. First, the court concluded that when Mr. Gilbreath begins serving his federal sentence[2] he will be capable of earning $300 per month, only half of which will be necessary to maintain his lifestyle in prison. The court determined that this money, combined with potential earnings during Mr. Gilbreath's supervised release, should amount to approximately $11,500 of the restitution order. The court determined that the remaining $15,590.51 could likely come from assets it believed Mr. Gilbreath controls. The government offered unrefuted evidence at the hearing from a woman who testified she had sent at Mr. Gilbreath's request over $65,000 to people designated by him. Because Mr. Gilbreath did not provide an accounting of that money, the court inferred that he retains control over it. We conclude that this inference is not unwarranted. Because the record contains evidence that Mr. Gilbreath has or will have access to the necessary funds, we hold that the district court did not abuse its discretion in imposing restitution of $27,090.51.
 
 
 8
 On remand, the district court resentenced Mr. Gilbreath to imprisonment for a term of seventy-one months on each of three counts to be served concurrently. In its nunc pro tunc order, the court noted that each individual count carried a statutory maximum of sixty months, rendering the original sentence illegal. The court then modified the sentence, imposing a sixty-month sentence for count one and eleven-month concurrent sentences for the remaining counts. The court then ordered the sixty-month sentence and the eleven-month sentences to run consecutively, thus providing for a total term of imprisonment of 71 months. See U.S.S.G. 5G1.2(d).[3]
 
 
 9
 Although a court must clarify at sentencing its intention that sentences imposed at the same time run consecutively, see 18 U.S.C. 3584(a);[4] United States v. Joetzki, 952 F.2d 1090, 1098 (9th Cir.1991),[5] the district court did not have jurisdiction to do so at the time of the nunc pro tunc order. The court entered the nunc pro tunc order almost a month after Mr. Gilbreath filed his notice of appeal, an action which stripped the court of jurisdiction to correct the sentence. See United States v. Johns, 638 F.2d 222, 224 (10th Cir.1981) (district court lacks jurisdiction to correct sentence after appeal is filed); see also United States v. Warner, 23 F.3d 287, 290 (10th Cir.1994) (district court jurisdiction after sentencing is very limited).
 
 
 10
 We thus AFFIRM the restitution order but VACATE the nunc pro tunc order and REMAND for resentencing pursuant to U.S.S.G. 5G1.2(d) and in light of the requirements of 18 U.S.C. 3584(a). See Joetzki, 952 F.2d at 1098.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Gilbreath is currently serving a one hundred and one year sentence in the Oklahoma prison system. The trial court found it probable that Mr. Gilbreath will begin serving his federal sentence within the next four years
 
 
 [3]
 In sentencing on multiple counts, 5G1.2(d) provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."
 
 
 [4]
 Section 3584(a) states that "[m]ultiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."
 
 
 [5]
 In Joetzki, the Ninth Circuit held:
 [T]o the extent that the length of the sentence imposed on multiple counts exceeds the maximum of the count carrying the highest statutory maximum, the Guidelines prescribe a consecutive or overlapping sentence. Under these circumstances 18 U.S.C. [ ] 3584 additionally directs that, unless the applicable statute mandates consecutive sentences, the court is to order the terms to run consecutively to the extent necessary."
 952 F.2d at 1098.