72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Howard GILBREATH, Defendant-Appellant.
 No. 95-5032.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On August 8, 1991, defendant Thomas Gilbreath pled guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. 371, and two counts of wire fraud, in violation of 18 U.S.C. 1343 and 2. On February 8, 1995, the United States District Court for the Northern District of Oklahoma resentenced Gilbreath on remand from this court. Gilbreath now appeals that sentence, claiming (1) that the district court was without authority to sentence him to a term of supervised release in addition to sentencing him to the maximum sentence under the applicable federal sentencing guideline range, and (2) that his sentence is in violation of his plea agreement with the prosecution. He also moves for reappointment of counsel. We exercise jurisdiction in accordance with 18 U.S.C. 3742. We deny the defendant's motion for reappointment of counsel and affirm the order of the district court resentencing the defendant on remand.
 
 
 3
 This matter arises from wire fraud Gilbreath committed while in the Conner Correctional Center of the Oklahoma State Penitentiary. Gilbreath used a prison telephone to fraudulently induce elderly women to send him money. After pleading guilty to the conspiracy count (count one of the indictment) and to the two counts of wire fraud (counts four and five), Gilbreath was sentenced by the United States District Court for the Northern District of Oklahoma to 71 months of imprisonment and three years of supervised release. The court also ordered him to pay $35,033.08 in restitution. Gilbreath twice appealed his sentence, and on each occasion this court remanded the case to the district court for resentencing in accordance with the federal sentencing guidelines. United States v. Gilbreath, 9 F.3d 85 (10th Cir.1993); United States v. Gilbreath, 43 F.3d 1484 (10th Cir.1994), cert. denied 115 S.Ct. 1713 (1995). On February 8, 1995, Gilbreath was resentenced to 71 months of imprisonment and three years of supervised release. The sentence included a sixty-month term of imprisonment on the conspiracy count, followed by eleven-month concurrent terms of imprisonment on the wire fraud counts. The district court had previously reduced his restitution amount to $27,090.51.
 
 
 4
 We review legal issues regarding the interpretation of the federal sentencing guidelines de novo. United States v. Roberts, 898 F.2d 1465, 1469 (10th Cir.1990). Gilbreath contends that, because the district court sentenced him to the maximum term of imprisonment within the applicable guideline range (71 months), the court could not also impose a three-year term of supervised release commencing upon Gilbreath's release from prison. This claim is incorrect. The sentencing guidelines plainly contemplate the imposition of terms of supervised release that, if added to the relevant term of imprisonment, would extend the total sentence well beyond the maximum number of months in the applicable guideline range. See Guidelines 5A, 5D1.2. The sentencing guidelines treat "a term of supervised release to follow imprisonment" as a separate element of a defendant's sentence, not incorporated into the tabular calculation of months of imprisonment. Guidelines 5D1.1(a), 5D1.1(b).
 
 
 5
 Gilbreath also contends that the agreement under which he entered his guilty pleas contained an assurance that his sentences of imprisonment would all run concurrently. We review a district court's factual findings relating to sentencing for clear error. United States v. Teehee, 893 F.2d 271, 274 (10th Cir.1990). In his change of plea before the court, Gilbreath acknowledged his understanding that he could be sentenced to a prison term of up to five years on each of the three counts, and that therefore a maximum term of fifteen years could be imposed, along with up to three years of supervised release. The court also asked Gilbreath whether the prosecution had made any promise to him prior to sentencing, other than to dismiss counts two, three, and six through fifteen of the indictment. Gilbreath responded under oath that no other promises had been made to him. Thus, Gilbreath's present claim is without merit.
 
 
 6
 Finally, Gilbreath moves that this court reappoint counsel to represent him in these proceedings. Previous counsel for the defendant filed a motion on his behalf, stating the above claims in accordance with Anders v. California, 386 U.S. 738 (1967), reh'g. denied, 388 U.S. 924 (1967). Gilbreath subsequently filed a motion that this court construed as a motion requesting permission to proceed pro se. We granted the motion. Gilbreath then filed another motion clarifying his prior motion. He indicated that he did not wish to proceed pro se; rather, he sought the appointment of new counsel. Having reviewed the claims asserted by Gilbreath and finding them to be without merit, we deny his motion for the reappointment of counsel and AFFIRM the order of the district court resentencing the defendant on remand.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470